IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

OBSIDIAN FINANCE GROUP, LLC, and
KEVIN D. PADRICK,                                    No. CV-11-57-HZ

                    Plaintiffs,

         v.                                          OPINION & ORDER

CRYSTAL COX,

                    Defendant.

Steven M Wilker
David S. Aman
TONKON TORP LLP
1600 Pioneer Tower
888 S.W. Fifth Avenue
Portland, Oregon 97204

         Attorneys for Plaintiffs


/ / /

/ / /


1 - OPINION & ORDER

Crystal L. Cox
P.O. Box 1610
Eureka, Montana 59917

     Defendant Pro Se

HERNANDEZ, District Judge:

     Plaintiffs Obsidian Finance Group, LLC and Kevin Padrick move for partial summary judgment in this defamation action against defendant Crystal Cox.  I deny the motion.

BACKGROUND

     Padrick is a senior principal with Obsidian Finance, an "advisory and investment firm that specializes in unique and difficult business situations, including distressed enterprises and distressed assets."  Padrick Decl. at ¶¶ 1, 3.  Whether advising clients, or acting for Obsidian's own account, he is frequently involved in structuring complicated financial transactions.  Id. at ¶ 3.

     Cox maintains and controls a website and blog found at www.obsidianfinancesucks.com.  Id. at ¶5.  She has published statements on this website, and perhaps other websites such as www.summit1031sucks.com, which criticize Obsidian Finance and Padrick.  Id. at ¶¶ 5, 6.  The specific contents of the statements are discussed below.

     According to Padrick, the statements are completely false.  He asserts he has not engaged in illegal or fraudulent activity, he has not stolen money from the government, he has not engaged in corrupt behavior, he has not paid off the media or politicians, he has not committed tax fraud, and he has not been charged with or convicted of any criminal conduct of any kind.  Id. at ¶ 6.  Padrick asserts that Cox's statements have caused him and Obsidian to suffer damage to their reputations.  Id. at ¶ 7.

2 - OPINION & ORDER

STANDARDS

Summary judgment is appropriate if there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial responsibility of informing the court of the basis of its motion, and identifying those portions of "'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)).

Once the moving party meets its initial burden of demonstrating the absence of a genuine issue of material fact, the burden then shifts to the nonmoving party to present "specific facts" showing a "genuine issue for trial." Fed. Trade Comm'n v. Stefanchik, 559 F.3d 924, 927-28 (9th Cir. 2009) (internal quotation omitted). The nonmoving party must go beyond the pleadings and designate facts showing an issue for trial. Celotex, 477 U.S. at 322-23.

The substantive law governing a claim determines whether a fact is material. Suever v. Connell, 579 F.3d 1047, 1056 (9th Cir. 2009). The court views inferences drawn from the facts in the light most favorable to the nonmoving party and draws all reasonable inferences in that party's favor. Long v. City & County of Honolulu, 511 F.3d 901, 905 (9th Cir. 2007).

If the factual context makes the nonmoving party's claim as to the existence of a material issue of fact implausible, that party must come forward with more persuasive evidence to support his claim than would otherwise be necessary. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

/ / /

3 - OPINION & ORDER

DISCUSSION

Plaintiffs move for summary judgment on the issue of liability.  Plaintiffs argue that defendant is liable for defamation as a matter of law because she made defamatory statements about Obsidian or Padrick, these statements were published to third parties, and the statements are actionable *per se*.  Plaintiffs, however, fail to address the obvious First Amendment issues raised by defendant's statements.  For the reasons explained below, I conclude that as a matter of law, defendant's statements are expressions of opinion protected by the First Amendment. Accordingly, I deny plaintiffs' motion.

To prevail on a claim for defamation under Oregon law, plaintiffs must establish the following elements: (1) the making of a defamatory statement; (2) publication of the defamatory material; and (3) a resulting special harm, unless the statement is defamatory *per se* and therefore gives rise to presumptive special harm.  National Un. Fire Ins. Co. of Pitts. Pa. v. Starplex Corp., 220 Or. App. 560, 584, 188 P.3d 332, 347 (2008).  A defamatory statement is a false statement that would subject another to "hatred, contempt or ridicule or tend to diminish the esteem, respect, goodwill or confidence in which the other is held or to excite adverse, derogatory or unpleasant feelings or opinions against the other." Marleau v. Truck Ins. Exch., 333 Or. 82, 94, 37 P.3d 148, 155 (2001) (internal quotation, ellipsis, and brackets omitted); Reesman v. Highfill, 327 Or. 597, 603, 965 P.2d 1030, 1034 (1998) (plaintiff must show statements both false and defamatory).

Statements which are expressions of opinion are  protected by the First Amendment and are not actionable.  Partington v. Bugliosi, 56 F.3d 1147, 1153 n.10 (9th Cir. 1995) (opinions which "do not imply facts capable of being proved true or false" are protected by the First

4 - OPINION & ORDER

Amendment) (internal quotation omitted); <u>Reesman</u>, 327 Or. at 605, 965 P.2d at 1035

(statements which are expressions of opinion are not actionable); <u>see</u> <u>also</u> <u>Milkovich v. Lorain</u>

<u>Journal Co.</u>, 497 U.S. 1, 3 (1990) (statement cannot be deemed "false" unless the statement or its

connotations are sufficiently factual to be susceptible of being proved true or false).   Statements

of opinion may be actionable if the recipients could reasonably have concluded that the statement

was based on undisclosed defamatory facts.  <u>Slover v. Or. St. Bd. of Clinical Social Workers</u>,

144 Or. App. 565, 568, 927 P.2d 1098, 1100 (1996).  Whether a statement is a statement of

opinion or one of fact is a question of law.  <u>Dworkin v. Hustler Magazine, Inc.</u>, 867 F.2d 1188,

1193 (9th Cir. 1989); <u>Slover</u>, 144 Or. App. at 568, 927 P.2d at 1100.

    To determine whether a statement implies an assertion of fact, the Ninth Circuit examines

the "totality of circumstances in which it was made," <u>Underwager v. Channel 9 Austl.</u>, 69 F.3d

361, 366 (9th Cir. 1995), and relies on the following three-part test:

> First, a court reviews the statement in its "broad context," which includes the
> general tenor of the entire work, the subject of the statement, the setting, and the
> format of the work.  Next, the court turns to the "specific context" and figurative
> or hyperbolic language used and the reasonable expectations of the audience in
> that particular situation.  Finally, the court inquires whether the statement itself is
> sufficiently factual to be susceptible of being proved true or false.

<u>Art of Living Found. v. Does 1-10</u>, No. 10-CV-05022-LHK, 2011 WL 2441898, at *5 (N.D. Cal.

June 15, 2011) (citing <u>Underwager</u>, 69 F.3d at 366).

    According to defendant, she is an "investigative blogger," and after the "Summit 1031

Bankruptcy," she began working on "Real Estate Industry Whistleblower Blogs."  Deft's Stmt of

Facts, Decl.[1]  Apparently, Padrick was appointed the bankruptcy trustee in a bankruptcy case

---

    [1]  Defendant's submission is an unsworn, twenty-page, somewhat rambling recitation of
information.  Because it is not an affidavit and does not contain the requirements set forth in 28

5 - OPINION & ORDER

involving "Summit."  Quite clearly, defendant believes that Padrick engaged in certain behavior, described below, in connection with his duties.

In response to plaintiffs' motion, defendant does not deny that she maintains the blogs at www.obsidianfinancesucks.com and www.summit1031sucks.com.  She does not deny that she posted disparaging statements on the blogs.  She explains that she relies on "experts in the field," her own research, as well as opinion, commentary, and tips sent in by readers and site visitors for information that she posts on the blogs.

In support of their motion, plaintiffs submit ten separate blog postings from www.obsidianfinancesucks.com, which plaintiffs contend are defamatory statements regarding Padrick and/or Obsidian Finance.  The submitted postings were made on several dates over the course of approximately two months from October 25, 2010 through December 5, 2010.  Ex. 1 to Padrick Decl.

At the top of each post, the following introductory information appears:

The Bankruptcy Court System is Broken and the Real Estate Consumer is Paying the Price.  No One Can Hold them Accountable but you.  And so Far the Consumer Does not Even know how is really getting their money.  Knowledge is Power Folks. Wake Up.. Email Your Bankruptcy Court Story to Crystal@CrystalCox.com - and Expose the Supposed Highest Fiduciary Responsibility of the US Bankruptcy Court System.

Id.

Below this, and separated by a single line, is what is best described as a banner-like headline, which states, in larger font than the substance of the blog post: "**Bankruptcy**

U.S.C. § 1746 regarding unsworn statements, it is incapable of creating a disputed issue of fact sufficient to defeat summary judgment.  I recite to the Declaration only in an attempt to provide background information to the dispute.

6 - OPINION & ORDER

Corruption - Trustee Corruption - Blog by Investigative Blogger Crystal L. Cox." Id.

Immediately below the bolded type appears:  "Obsidian Finance, Kevin Padrick, David Aman,

Steven Hedberg, Ewan Rose, Bankruptcy Cartel?  This Blog is about the Summit 1031

Bankruptcy and the Greed and Corruption within the US Bankruptcy Courts, that further

victimized the Real Estate Victims of the Summit 1031 Bankruptcy." Id.

As for the specific entries, in chronological order, they are, in pertinent part:

Monday, October 25, 2010

**Umpqua Bank Corruption, Conflicts of Interest . . . What is Kevin Padricks [sic] Real Role and Motive?**

[Information regarding a settlement between Umpqua Bank and Summit 1031 Exchange, followed by a cite to an "abcnews" link for the full article]

Folks there is Lot's [sic] More to This Story . . . Got a Tip? Email me at Crystal@Crystal Cox.com - also Kevin Padrick is VERY Corrupt..Got a Tip on Kevin Padrick Corruption, Fraud, Tax Crimes, Solar Tax Credit Crimes . . .?

Ex. 1 to Padrick Decl. at p. 13.

Monday October 25, 2010

**Kevin Padrick  - Obsidian Finance is Corrupt**

. . .

Coming Soon the Facts on Kevin Padrick Tax Fraud, Kevin Padrick Fraud against the Government - time for a Whistleblower Lawsuit to EXPOSE all the Money that Kevin Padrick has Stole [sic] from the US Government . . their [sic] is a 20% min, bounty on this.

Coming SOON - a Whole Lot on the Truth about Kevin Padrick - Corrupt Oregon Attorney - Obsidian Finance.

Id. at p. 12.

/ / /

7 - OPINION & ORDER

Monday, October 25, 2010

**Kevin Padrick GUILTY of Tax Fraud?**
Coming Soon..

<u>Id.</u> at p. 11

Tuesday, November 9, 2010

**US Marshals Tracking Down Crookedest Lawyer Ever's Loot**

YES Kevin Padrick this MEANS will [sic] Be Watching and YOU will BE
Indicted SOME TIME, someday and in some way. . and looks there is no time
limit on your kind of Corruption.. So don't worry we got back ..every dirty deal -
every corrupt Solar Tax - Every Tangle in sheets - every down and dirty, corrupt
act you do for the rest of your days and beyond..**We will BE Watching**..

May as Well Tell the Truth on the Money You took from the Summit Bankruptcy
and the illegally [sic] activity you Conspired to do in order to set up an Innocent
Whistleblower.. **CUZ this Shit Storm coming at you is Just Getting Started..**

[followed by article apparently published by the "Daily Business Review" on
November 9, 2010, in Miami regarding a former U.S. bankruptcy trustee there
who allegedly diverted money intended for victims of a financial fraud scheme
elsewhere].

<u>Id.</u> at pp. 8-13.

Thursday, November 18, 2010

**Hey Kevin Padrick - Just a Reminder I ain't going anywhere.. Regardless of
What you do to Summit..**

My Investigative Blogging Team will Always Be ON YOUR ASS.

You are a Cruel, Evil, Discriminating Liar.  And I intend to Expose every Dirty
deed you have ever or will ever participate in.. So don't be thinking I have give
[sic] up on EXPOSING you.  You are a Corrupt Attorney, you Create Victims,
you take money from real estate consumers, you are abusive and controlling, you
pay off media, you pay of [sic] politicians and well.. I intend to prove all of that in
great detail over the next..DECADE...

Stay Tuned..

8 - OPINION & ORDER

Got a Tip on the Evil Kevin Padrick of Obsidian Finance..
Send it on over.. YOU know the drill by now..
Crystal@CrystalCox.com

<u>Id.</u> at p. 7.

Friday, December 3, 2010

**the LIE will NEVER Stand as the Truth On My Watch!!!**

My Summit 1031 Blogs are NOW Devoted to Reform in the 1031 Exchange
Industry, devoted to exposing corruption in the Bankruptcy Courts, exposing
Dept. of Justice Trustees, and **Exposing Kevin Padrick Corrupt Oregon
Attorney** and Obsidian Finance LLC and ALL their Corrupt Illegal Activity
EVER..

Stay Tuned .. for say a "Lifetime" and then some.. This Shit Storm is just getting
started.  Every Illegal Act, Every Indiscretion and Flat Out Lie.. Cover Up. Back
Alley Deal and Sexapades will be EXPOSED on Kevin Padrick - Obsidian
Finance.. your illegal, immortal Activity RUINS lives.  Accountability and
Transparency is Demanded..

<u>Id.</u> at p. 6.

Friday, December 3, 2010

**Kevin Padrick - Whatcha Up to - Setting Me up" - "crystal cox investigated"**

. . .

Hey Corrupt Portland Oregon Attorney Kevin Padrick YOU Have [portion
appears to be cut off] Activity in the Summit 1031 Bankruptcy. You will one day
be in [portion appears to be cut off] Prove your Illegal activity if it takes a decade.
. . .   you WILL BE EXPOSED..

Kevin Padrick - Corrupt Oregon Attorney
Got a Tip?
**Crystal@CrystalCox.com**

Coming Soon.. Massive Online Media on the Truth about Corrupt Attorney Kevin
Padrick

<u>Id.</u> at p. 5

9 - OPINION & ORDER

Friday, December 3, 2010

**Hey Obsidian Finance You SUCK and We Don't Care what Lies you Use to Cover up your Over Charging Fraud..**

. . .

Folks NEVER ever believe that Kevin Padrick and Obsidian Finance are NOT Guilty.  For ya Summit 1031 went Bankrupt, however they had a lot of money and assets and **Kevin Padrick Corrupt Bankruptcy Attorney** took the money and assets and charged fees that were way over the top.  Kevin Padrick, Oregon Attorney is Corrupt..

. . .  Nor Do I give a Shit what any of you corrupt **Obsidian Finance LLC** attorneys have to say on this.. you are Criminals and whatever the corrupt Kevin Padrick, Oregon Attorney told you is a LIE..**he is guilty of Fraud, Deceit on the Government, Illegal Activity, Money Laundering, Defamation, Harassment** and more and I WILL PROVE IT ALL..Period..

. . . Obsidian Finance PAID off Judges, Refused Good Offers, Paid of [sic] Trustees, made deal with the D.A and set up side deals to get in good with this Solar Project.. so much corruption and back alley handshakes and Kevin Padrick YOUR going to prison Next.. SO keep googling Crystal Cox Investigated and **trying to Set Me Up**.. I have a large network that will continue to EXPOSE you even if you find a way to illegally "investigate"me.. **YOU ARE A CRIMINAL.**.and you are an Cold Hearted Evil Asshole.

Id. at p. 1.

Sunday, December 5, 2010

**How Bad Does Kevin Padrick Obsidian Finance Oregon want to Shut Up Investigative Blogger Crystal L. Cox?**

How Bad does Oregon Attorney Kevin Padrick want to hide his illegal activity?  How bad does Obsidian Finance Attorney Kevin Padrick want to Silence Truth Teller - Investigative Blogger, Crystal L. Cox?  Bad enough to hire a hit man to kill me?

. . .

**So is Kevin Padrick the Bossman in the Link Below?**  Did Oregon Attorney Kevin Padrick hire a Hit Man to Kill me?  Well Time Will Tell I Suppose.

10 - OPINION & ORDER

<u>Id.</u> at p. 3.

Thursday, December 9, 2010

**Kevin Padrick - Obsidian Finance Group Takes a LONG, Hard Look at the Hit Man Post**

. . .

I have only posted truth on Obsidian Finance LLC and the Corrupt Bankruptcy Trustee Kevin Padrick.  Why did Kevin Padrick or Obsidian Finance LLC NEVER send me a Cease and Desist to Shut me up?

. . .

**Kevin Padrick of Obsidian Finance LLC is a Criminal**, he has broken many laws in the last 2 years to do with the Summit 1031 case and regardless of the guilt of the Summit 1031 principals, **Kevin Padrick is a THUG and a Thief** hiding behind the Skirt tails of corrupt unmonitored bankruptcy court system and protected by Corrupt Bend DA and Corrupt Bend Oregon Judges.  And I will Expose every detail of every law he broke, every secret hand shake and back alley deal . . every solar credit fraud..every sale to a friend or cronie of real estate consumer money and every indiscretion... if it takes me a decade.. and if the Hit Man Follows through well No Worries... I have a large fan base over 2 years and many "investigative bloggers" to now continue my life's work.

So if **Kevin Padrick of Obsidian Finance LLC is the Bossman** in the link of the previous post, well then he wants me shut up pretty bad.  However the Truth is, me Dead will just fuel the truth I write about and will NOT shut down my blogs or the Whistleblowing that will continue on Corrupt Portland Oregon Attorney Kevin Padrick.

<u>Id.</u> at p. 4.

And finally, it is unclear on what date the following was posted:

**Hey Corrupt Jackass Kevin Padrick**, I have got a whole better at this over the last year and I will expose your crimes, your solar credit fraud, fraud on the courts, pay offs, set ups and back alley deals..

<u>Id.</u> at p. 2.

Considering first the broad context in which these statements are made, it is relevant that

they are on an obviously critical blog (www.obsidianfinancesucks.com), which expressly

discloses its bias against bankruptcy courts, bankruptcy trustees, and what Cox considers the

broken and corrupt bankruptcy court system.  In a similar case, the Northern District of

California noted that when statements are made on "obviously critical blogs, . . . readers are less

likely to view statements as assertions of fact rather than opinion."  <u>Art of Living</u>, 2011 WL

2441898, at *7.  The court cited a previous decision which explained that statements made on a

personal website, through internet discussion groups, and as part of heated debate are less likely

to be viewed as statements of fact.  <u>Id.</u> (citing <u>Nicosia v. DeRooy</u>, 72 F. Supp. 2d 1093, 1101

(N.D. Cal. 1999)).  Though the submitted statements appear to have generated only one posted

comment, Ex. 1 to Padrick Decl. at p. 7 (Nov. 19, 2010 comment regarding costs for hiring

bankruptcy lawyers), the fact that these are postings on a blog and that Cox repeatedly invites

submissions, indicates that she has created a forum for heated debate, even if the postings in this

record suggest that the debate has been one-sided.

　　　As for the specific context, the court considers the "content of the allegedly defamatory

statements, which includes the extent of figurative and hyperbolic language and the reasonable

expectations of the readers."  <u>Nicosia</u>, 72 F. Supp. 2d at 1102.  Many of Cox's statements are

critical, including the following: "You are a Corrupt Attorney," "you take money from real estate

consumers," "Kevin Padrick is VERY Corrupt," "there is no time limit on your kind of

Corruption," "May as Well Tell the Truth on the Money You took from the Summit Bankruptcy

and the illegally [sic] activity you Conspired to do in order to set up an Innocent Whistleblower,"

"your illegal, immortal Activity RUINS lives," and "Kevin Padrick is a THUG and a Thief."  Ex.

1 to Padrick Decl. When considered in isolation, several of the statements Cox makes appear to

12 - OPINION & ORDER

assert facts or to imply the existence of undisclosed defamatory facts. However, in context, the

statements fail to amount to such assertions or to imply defamatory facts. The statements are

replete with scattershot, hyperbolic accusations which are untethered to factual data regarding the

"Summit" bankruptcy and whatever role Padrick and Obsidian Finance actually played in the

bankruptcy.

> As the Art of Living court explained:
>
> Courts have extended First Amendment protection to such statements in
> recognition of "the reality that exaggeration and non-literal commentary have
> become an integral part of social discourse." By protecting speakers whose
> statements cannot reasonably be interpreted as allegations of fact, courts "provide
> assurance that public debate will not suffer for lack of imaginative expression or
> the rhetorical hyperbole which has traditionally added much to the discourse of
> our Nation."

Art of Living, 2011 WL 2441898, at *7 (quoting Milkovich, 497 U.S. at 20).

In Art of Living, the court recognized that several statements at issue there were

obviously critical of the plaintiff when they included words such as "embezzle, "fraud,"and

"abuse" and were accompanied by allegations that the plaintiff obtained money from participants

by using false and deceitful declarations, or diverted donations from their intended recipients. Id.

Nonetheless, when considered in the specific context in which they were made, the court

concluded that although the statements "reflect poorly on Art of Living," they "[did] not amount

to factual accusations of criminal activity[.]" Id. This was especially true when the statements

appeared on blogs that readers expected to be critical of the plaintiff. Id. The same result occurs

here.

Finally, the statements are not sufficiently factual to be susceptible of being proved true

or false. Cox repeatedly poses her statements as questions or asserts that she will prove her

13 - OPINION & ORDER

accusations.  For example, she asserts that "a Whole Lot" of the "Truth" is "Coming Soon," that she "intend[s] to Expose every Dirty Deed," that Padrick "WILL BE EXPOSED," that "YOU [meaning Padrick] will BE Indicted SOME TIME, someday," and that she "WILL PROVE IT ALL."  Padrick Decl. at pp. 1-13.  She tells the reader to "STAY TUNED," and she asks "Kevin Padrick, Guilty of Tax Fraud?"  Id.  She also states that Padrick is a "cold hearted evil asshole" and is a "Cruel, Evil Discriminating Liar."  Ex. 1 to Padrick Decl.

Defendant's use of question marks and her references to proof that will allegedly occur in the future negate any tendency for her statements to be understood as provable assertions of fact. Her statements contain so little actual content that they do not assert, or imply, verifiable assertions of fact.  They are, instead, statements of exaggerated subjective belief such that they cannot be proven true or false.

Considering all of the statements in the record under the totality of circumstances, the statements at issue are not actionable assertions of fact, but are constitutionally protected expressions of opinion.  Plaintiffs' motion for summary judgment on the liability of the defamation claim is denied.

Defendant has not moved for summary judgment on the defamation claim and my analysis suggests she is entitled to judgment in her favor on the claim.  Under Federal Rule of Civil Procedure 56(f), a court may grant summary judgment to the non-moving party "independent of the motion," or *sua sponte*, after giving notice and a reasonable time to respond. Based on my conclusion that the statements made by defendant on her blog are constitutionally protected expressions of opinion, I give notice to all parties that an order granting summary judgment to defendant on the defamation claim will be entered on July 25, 2011, unless plaintiffs

14 - OPINION & ORDER

file a memorandum in opposition no later than July 22, 2011.  If plaintiffs file such a memorandum, defendant is given seventeen (17) days after the filing of plaintiffs' memorandum, to file a response.

Finally, it appears that defendant has attempted to assert counterclaims against plaintiffs in a document entitled "Counter Complaint" filed with her Answer.[2]  While the "Counter Complaint" is a long, rambling assemblage of allegations and statements, I construe it liberally and am able to discern the following claims:  defamation and intentional interference with economic relations.  Deft's "Counter Complaint" (dkt #13) at pp. 6, 8-9.[3]  I invite plaintiffs to move against these counterclaims.  Because plaintiffs have filed an Answer as to the counterclaims, I invite them to move for summary judgment.  Defendant, of course, may choose to voluntarily dismiss the counterclaims under Rule 41.  Fed. R. Civ. P. 41(c).  If plaintiffs will stipulate to the dismissal, defendant may dismiss the counterclaims under Rule 41(a)(1)(a)(ii).

---

[2]  Defendant has also attempted to name several other individuals as "counterdefendants." However, only Padrick and Obsidian Finance, as current plaintiffs in the action, should be considered counterdefendants.  Fed. R. Civ. P. 13(a), (b) (referring to counterclaims as being brought against an "opposing party").  Other individuals could perhaps be brought into the case as third-party defendants under Federal Rule of Civil Procedure 14, but no attempt to designate them as such has been made and importantly, there apparently has been no service of process on these non-parties.  Thus, at this point, I consider the counterclaims to have been brought against only Padrick and Obsidian Finance and I recognize no other parties presently in the case.

[3]  Defendant appears to raise a "counterclaim" under Oregon's Anti-SLAPP (Strategic Lawsuit Against Public Participation) statute.  Or. Rev. Stat. § (O.R.S.) 31.150.  She raises the issue in her "Counter Complaint," but also indicates that she files a motion to dispose of the lawsuit against her.  Counter Complaint at p. 9.  The statute does not provide for a "claim" and no such motion was ever filed.  At this point, it is too late.  Horton v. Western Protector Ins. Co., 217 Or. App 443, 448-51, 176 F.3d 419, 422-24 (2008) (a special motion to strike under the Anti-SLAPP statute in O.R.S. 31.150 must be filed as part of a defendant's first appearance in the case).  Here, defendant filed an Answer with counterclaims, and did not timely bring the appropriate motion under O.R.S. 31.150.  Thus, I do not consider any allegations based on Oregon's Anti-SLAPP statute to be in the case.

15 - OPINION & ORDER

Or, she may seek an order of the Court under Rule 41(a)(2).  Should she do so, no motion by plaintiffs as to the counterclaims would be necessary.

CONCLUSION

Plaintiff's motion for partial summary judgment [9] is denied.

IT IS SO ORDERED.


Dated this __7th_____ day of ___July_____, 2011


_/s/ Marco A. Hernandez_____
Marco A. Hernandez
United States District Judge

16 - OPINION & ORDER