IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

OBSIDIAN FINANCE GROUP, LLC, and
KEVIN D. PADRICK,

            Plaintiffs,

    v.

CRYSTAL COX,

            Defendant.

No. CV-11-57-HZ

OPINION & ORDER

Steven M Wilker
David S. Aman
TONKON TORP LLP
1600 Pioneer Tower
888 S.W. Fifth Avenue
Portland, Oregon 97204

    Attorneys for Plaintiffs

/ / /

/ / /

1 - OPINION & ORDER

Crystal L. Cox
P.O. Box 1610
Eureka, Montana 59917

      Defendant Pro Se

HERNANDEZ, District Judge:

      Plaintiffs Obsidian Finance Group, LLC and Kevin Padrick move to dismiss, or alternatively for summary judgment as to, defendant Crystal Cox's counterclaims. I grant the motion.

## BACKGROUND

      The background of this defamation action is fully set out in the prior opinions resolving plaintiffs' earlier summary judgment motion. See July 7, 2011 Op. & Ord. (dkt #26); Aug. 23, 2011 Op. & Ord. (dkt #31). I do not repeat it here.

## STANDARDS

I. Dismissal

      On a motion to dismiss, the court must review the sufficiency of the complaint. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. American Family Ass'n, Inc. v. City & County of San Francisco, 277 F.3d 1114, 1120 (9th Cir. 2002). However, the court need not accept conclusory allegations as truthful. Holden v. Hagopian, 978 F.2d 1115, 1121 (9th Cir. 1992).

      A motion to dismiss under Rule 12(b)(6) will be granted if plaintiff alleges the "grounds" of his "entitlement to relief" with nothing "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action[.]" Bell Atlantic Corp. v. Twombly, 550 U.S. 544,

2 - OPINION & ORDER

555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)[.]" Id. (citations and footnote omitted).

To survive a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face[,]" meaning "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (internal quotation omitted). Additionally, "only a complaint that states a plausible claim for relief survives a motion to dismiss." Id. at 1950. The complaint must contain "well-pleaded facts" which "permit the court to infer more than the mere possibility of misconduct." Id.

II. Summary Judgment

Summary judgment is appropriate if there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial responsibility of informing the court of the basis of its motion, and identifying those portions of "'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)).

Once the moving party meets its initial burden of demonstrating the absence of a genuine issue of material fact, the burden then shifts to the nonmoving party to present "specific facts" showing a "genuine issue for trial." Fed. Trade Comm'n v. Stefanchik, 559 F.3d 924, 927-28 (9th Cir. 2009) (internal quotation omitted). The nonmoving party must go beyond the pleadings

and designate facts showing an issue for trial. Celotex, 477 U.S. at 322-23.

The substantive law governing a claim determines whether a fact is material. Suever v. Connell, 579 F.3d 1047, 1056 (9th Cir. 2009). The court views inferences drawn from the facts in the light most favorable to the nonmoving party and draws all reasonable inferences in that party's favor. Long v. City & County of Honolulu, 511 F.3d 901, 905 (9th Cir. 2007).

If the factual context makes the nonmoving party's claim as to the existence of a material issue of fact implausible, that party must come forward with more persuasive evidence to support his claim than would otherwise be necessary. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

                                    DISCUSSION

Along with her Answer, defendant filed a separate document entitled "Counter Complaint" which, as explained in the July 7, 2011 Opinion & Order, appeared to assert several counterclaims against plaintiffs, as well as claims against several non-parties. July 7, 2011 Op. & Ord. at p. 15. As articulated in the July 7, 2011 Opinion & Order, I recognized only the counterclaims brought against plaintiffs. Id. No counterclaims against any other persons named in the "Counter Complaint" are considered to be pending in this case. Id. Further, I explained that while defendant referred to Oregon's Anti-SLAPP statute, I did not consider the filing to be a motion under that statute because defendant had filed an Answer to the Complaint and she failed to timely bring an appropriate motion under Oregon Revised Statute § 31.150. Id.

I also attempted to discern the nature of the counterclaims defendant asserted and

concluded that there were two: defamation and intentional interference with economic relations.[1] I invited plaintiffs to move against the counterclaims because they appeared to fail to state a claim or suggested that they could be disposed of on summary judgment before trial.

Plaintiffs have now filed that motion and argue that the counterclaims for harassment, conspiracy, and defamation should be dismissed for failure to state a claim, or that summary judgment should be granted to plaintiffs on those counterclaims. Although they did not expressly recognize the intentional interference with economic relations claim, I consider the arguments to also be directed at that claim.

The general factual background defendant provides in support of the counterclaims recites allegations in no particular order, chronological or otherwise. Defendant appears to base all of her claims on the following allegations: (1) the filing of the defamation action against her; (2) a desire by plaintiffs to silence her; (3) conspiring with others to harass, defame, and make threats against her; (4) attempting to ruin her career; and (5) tortiously interfering with her ability to run her business. Counter Compl. at pp. 5-10.

Following these allegations, in "Count I," she brings a claim for "Conspiracy," contending that plaintiffs have engaged in conduct constituting a felony by threatening the use of physical force against property or against a person, or by soliciting, commanding, inducing, or

---

[1] Unfortunately, the copy of the Counter Complaint I relied on at that time was missing page 13, which expressly delineates claims for conspiracy and harassment. I now consider those claims to have been asserted, along with the expressly delineated defamation claim. Furthermore, defendant expressly alleges that plaintiffs (and others) "torturously [sic] interfered with my ability to run my business," that the public has a right to know what she posts and that the "frivolous" lawsuit filed against her has harmed her real estate brokerage business. Counter Compl. at pp. 9, 14. I interpret these allegations to assert an interference with economic relations claim based on the filing of this lawsuit by plaintiffs.

5 - OPINION & ORDER

endeavoring to persuade others to engage in such conduct. Counter Compl. at p. 13. In "Count II," she brings a claim for "Harassment," contending that plaintiffs have filed a frivolous lawsuit, continued a "pattern" of selective prosecution, and have discriminated against her. Id. In "Count III," she brings a claim for "Defamation," in which she contends that plaintiffs have discriminated against her "in the media exposure of the Summit 1031 Bankruptcy," and defamed her among potential real estate clients by filing a frivolous lawsuit against her. Id. at p. 14. She alleges that she has suffered $150,000,000 in damages. Id. at pp. 13-15.

Plaintiffs argue that the claims must be dismissed because defendant fails to allege sufficient facts in support of the claims, the conduct of filing the lawsuit against her is absolutely privileged, and that to the extent the motion is one for summary judgment, defendant cannot sustain her burden to show the existence of an issue of fact on any of the claims. I agree with plaintiffs.

First, to the extent defendant's "conspiracy" counterclaim attempts to allege the violation of criminal laws, it does not state a claim. See generally Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980) (criminal statutes create no privately enforceable rights and do not give rise to civil liability); see also Allen v. Gold Country Casino, 464 F.3d 1044, 1048 (9th Cir. 2006) (criminal statutes do not give rise to civil liability).

Second, to the extent any of defendant's counterclaims are based on the filing of this case against her, they must be dismissed. Wallulis v. Dymowski, 323 Or. 337, 348, 918 P.2d 755, 761 (1996) (statements made in judicial proceedings are absolutely privileged); Wollam v. Brandt, 154 Or. App. 156, 162 n.5, 961 P.2d 219, 222 n. 5 (1998) (absolute privilege applies not only to defamation action, but "to any tort action based on statements made in connection with a judicial

6 - OPINION & ORDER

proceeding").

Third, I am unaware of any Oregon case recognizing an independent tort of "harassment" and thus, this claim fails to state a claim. See Roy v. City of Eugene, No. CV-07-6290-HO, 2008 WL 4616704, at *1 (D. Or. Oct. 15, 2008) (summary judgment granted to defendant on plaintiff's civil claim for "harassment" because "[p]laintiff cites to no cases recognizing this tort, and the court finds no such cases").

Fourth, defendant's attempt to allege a counterclaim for "conspiracy" fails to state a claim under Oregon law.  While one problem is her pleading the existence of a conspiracy in a conclusory fashion[2], another is that a civil conspiracy "is not, itself, a separate tort for which damages may be recovered; rather, it is a 'way in which a person may become jointly liable for another's tortious conduct.'" Morasch v. Hood, 232 Or. App. 392, 402, 222 P.3d 1125, 1132 (2009) (quoting Granewich v. Harding, 329 Or. 47, 53, 985 P.2d 788 (1999)) (brackets omitted). Defendant asserts no cognizable separate tort and thus, her allegations of conspiracy do not state a claim.

Finally, Padrick states in a declaration that he has never directly or indirectly threatened defendant, and has never conspired with anyone to threaten her with physical force.  Padrick Sept. 9, 2011 Decl. at ¶ 2.  In response, defendant submits no admissible evidence capable of creating an issue of fact regarding her allegations that plaintiffs threatened her, either directly or indirectly.  Her response to the motion consists only of a memorandum in opposition, with no

---

[2] E.g., Counter Compl. at p. 5 (alleging that plaintiffs' filing of the Complaint in this case is part of their "conspiratorial activities"); Id. at p. 7 (defendant has reason to believe that Obsidian Finance and Padrick have "conspired" with non-parties to defame and harass); Id. at p. 8 (alleging that plaintiffs have conspired to send her a death threat).

7 - OPINION & ORDER

factual evidence whatsoever. In the face of Padrick's assertions, plaintiffs are entitled to summary judgment on any of defendant's counterclaims based on allegations that plaintiffs threatened her.

## CONCLUSION

Plaintiffs' motion to dismiss, or alternatively for summary judgment [36], is granted and all of defendant's counterclaims are dismissed.

IT IS SO ORDERED.

Dated this    18th    day of    October   , 2011

/s/ Marco A. Hernandez
Marco A. Hernandez
United States District Judge