Steven M. Wilker, OSB No. 911882
  Direct Dial:  503.802.2040
  Fax:  503.972.3740
  E-Mail:  steven.wilker@tonkon.com
David S. Aman, OSB No. 962106
  Direct Dial:  503.802.2053
  Fax:  503.972.3753
  E-Mail:  david.aman@tonkon.com
**TONKON TORP LLP**
1600 Pioneer Tower
888 S.W. Fifth Avenue
Portland, OR  97204

    Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

Portland Division

| | |
|---|---|
| **OBSIDIAN FINANCE GROUP, LLC and KEVIN D. PADRICK,** | Civil No. CV 11-0057 HZ |
| Plaintiffs, | |
| v. | **MEMORANDUM IN SUPPORT OF PLAINTIFFS' FRCP 37 MOTION TO COMPEL** |
| **CRYSTAL COX,** | |
| Defendant. | *EXPEDITED CONSIDERATION REQUESTED* |

PAGE 1 – MEMORANDUM IN SUPPORT OF PLAINTIFFS' FRCP 37 MOTION TO COMPEL

I. INTRODUCTION

Plaintiffs move to compel because defendant Crystal Cox has failed and refuses to produce documents that were properly requested by plaintiffs and which are relevant and discoverable. Defendant Cox also refuses to answer an interrogatory that seeks relevant, discoverable information. The Court should order defendant Cox to produce the documents and to answer the interrogatory immediately, particularly in light of the approaching trial date of November 29. Defendant's refusal to produce the documents and answer the interrogatory is prejudicial to plaintiffs' trial preparation.

II. FACTUAL BACKGROUND

Plaintiffs served their First Request for Production of Documents and First Set of Interrogatories on Defendant Cox on September 2, 2011, by electronic mail and mail. (Aman Decl. ¶ 2, Ex. 1). Pursuant to FRCP 33(b)(2) and 34(b)(2), defendant Cox was required to serve written responses by no later than October 6, 2011. She failed to do so. Defendant Cox served her response to the First Request for Production on October 14, 2011, and her answer to the Interrogatories on October 23, 2011. (Aman Decl. ¶¶ 3, Exs. 2 and 3).

III. THE COURT SHOULD ISSUE AN ORDER COMPELLING DEFENDANT COX TO PRODUCE THE REQUESTED DOCUMENTS AND TO ANSWER INTERROGATORY NO. 3

Defendant Cox has failed to produce most of the documents that were requested in the Requests, as explained below. She also has failed to provide a substantive answer to Interrogatory No. 3. Because defendant failed to provide a timely written response to the document requests and interrogatories, she has waived any objections she may now attempt to assert, including objections to the scope of the requests. *See* Local Rule 26-5(a). Nevertheless,

PAGE 2 – MEMORANDUM IN SUPPORT OF PLAINTIFFS' FRCP 37 MOTION TO COMPEL

as explained in more detail below, the documents and information sought are relevant and discoverable.

**REQUEST NO. 1:** *All communications between you and any other person concerning Kevin Padrick, Obsidian Finance Group, David Brown, Summit Accommodators, Inc., or the Summit Accommodators Liquidating Trust, including without limitation e-mails, handwritten notes of telephone calls or meetings, memoranda or the like.*

**REQUEST NO. 3:** *All communications between or among you, on the one hand, and Stephanie Studebaker (aka Stephanie Studebaker DeYoung), Mark Neuman, Brian Stevens, Kyle Cummings, Greg Fowler, Lynn Hoffman or Lane Lyons, including without limitation e-mails, handwritten notes of telephone calls or meetings, memoranda or the like.*

Defendant Cox has produced certain communications that are responsive to these requests, in some cases as separate documents and in others as text in the pleadings that she has served and filed. That is not sufficient. Defendant Cox should be ordered to produce a copy of each and every responsive communication and do so in the original format of the communication (not embedded in another document). Otherwise, plaintiffs will be unable to properly use those documents as exhibits at her deposition or, more importantly, at trial.

The communications sought in Request Nos. 1 and 3 are relevant and discoverable in this case. Request No. 1 seeks communications relating to the plaintiffs and the Summit Accommodators bankruptcy, both of which are relevant topics in this case. Request No. 3 seeks communications with Stephanie Studebaker and others who were formerly affiliated with Summit Accommodators. Ms. Cox has at times claimed that she relied on Ms. Studebaker and her father, Mark Neuman, when she made the defamatory statements about plaintiffs. As a result, plaintiffs should be provided with all communications defendant had with them, as well as any other person affiliated with Summit.

PAGE 3 – MEMORANDUM IN SUPPORT OF PLAINTIFFS' FRCP 37 MOTION TO
   COMPEL

**REQUEST NO. 5:** *All communications between you and any person whom you have made any statements about on any website and from whom you have requested or received any compensation, money or payments, including without limitation e-mails, handwritten notes of telephone calls or meetings, memoranda or the like.*

**INTERROGATORY NO. 3:** *Identify (by name and last-known address and telephone number) each and every person about whom you have made any statements on any website and from whom you have requested or received compensation, money or payments.*

Defendant Cox has not answered the interrogatory nor produced any documents in response to Request No. 5 (with the exception of communications she has with the plaintiffs). Once again, these communications and the identity of the individuals involved are relevant to determine whether defendant has a pattern and practice of making defamatory statements as a means of extracting payment from the targets of those statements.

**REQUEST NO. 6:** *All documents concerning any business you operate that provides "reputation" management, repair or similar services, including without limitation a list of any and all customers or clients of such business.*

None of these documents have been produced. The documents are relevant and discoverable for the same reasons listed for Request No. 5 above.

**REQUEST NO. 8:** *All documents showing any history, listing or log of activity on or accessing of www.obsidianfinancesucks.com or any other blogs, web pages or websites on which you have made any statements about Kevin Padrick, Obsidian Finance Group, David Brown, Summit Accommodators, Inc., or the Summit Accommodators Liquidating Trust.*

None of these documents have been produced. The documents are relevant and discoverable because they will show the number and potentially the identity of people who have read defendant's defamatory statements about plaintiffs.

PAGE 4 – MEMORANDUM IN SUPPORT OF PLAINTIFFS' FRCP 37 MOTION TO COMPEL

DATED this 9th day of November 2011.

        TONKON TORP LLP

        By: /s/ David S. Aman
            Steven M. Wilker, OSB No. 911882
              Direct Dial:  503.802.2040
              Fax:  503.972.3740
              E-Mail:  steven.wilker@tonkon.com
            David S. Aman, OSB No. 962106
              Direct Dial:  503.802.2053
              Fax:  503.972.3753
              E-Mail:  david.aman@tonkon.com

        Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing **MEMORANDUM IN SUPPORT OF PLAINTIFFS' FRCP 37 MOTION TO COMPEL** on:

> Crystal L. Cox
> PO Box 505
> Eureka, Montana 59917
> Crystal @CrystalCox.com
> savvybroker@yahoo.com

☑ by mailing a copy thereof in a sealed, first-class postage prepaid envelope, addressed to said party's last-known address and depositing in the U.S. mail at Portland, Oregon on the date set forth below;

☑ by causing a copy thereof to be e-mailed to said party at her last-known email address on the date set forth below;

DATED this 9th day of November 2011.

TONKON TORP LLP

By /s/ David S. Aman
    David S. Aman, OSB No. 962106
     Direct Dial: 503.802.2053
     Fax: 503.972.3753
     E-Mail: david.aman@tonkon.com
    Attorneys for Plaintiffs

033992/00010/3202994v1

PAGE 1 - CERTIFICATE OF SERVICE