Steven M. Wilker, OSB No. 911882
  Direct Dial: 503.802.2040
  Fax: 503.972.3740
  E-Mail: steven.wilker@tonkon.com
David S. Aman, OSB No. 962106
  Direct Dial: 503.802.2053
  Fax: 503.972.3753
  E-Mail: david.aman@tonkon.com
**TONKON TORP LLP**
1600 Pioneer Tower
888 S.W. Fifth Avenue
Portland, OR 97204

    Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

Portland Division

| | |
|---|---|
| **OBSIDIAN FINANCE GROUP, LLC and KEVIN D. PADRICK,** | Civil No. CV 11-0057 HZ |
| Plaintiffs, | |
| v. | **STIPULATED PROTECTIVE ORDER** |
| **CRYSTAL COX,** | |
| Defendant. | |

Based upon the stipulation of the parties, and the Court being duly advised:

The parties have requested, or stated that they will request, the production of documents and/or information that each party considers to be or contain confidential information, proprietary information, and/or trade secrets under applicable state law, and that are subject to protection under Federal Rule of Civil Procedure 26(c)(1)(G) and *Foltz v. State Farm Mutual Ins. Co.*, 331 F.3d 1122 (9th Cir. 2003). The categories of information that are considered confidential and proprietary information are set forth with more particularity in paragraph 2 below.

IT IS HEREBY ORDERED as follows:

1. <u>Scope</u>. This Confidentiality and Protective Order ("Protective Order") shall, to the extent expressed herein as applicable, govern discovery in this action and apply to all information provided, produced or obtained in the course of discovery in this action, including, without limitation, information provided, produced or obtained in or through any depositions, responses to requests for admission or production, responses to interrogatories, and any document or thing produced or made available for inspection and/or copying in response to such requests or subpoenas. As used herein, the term "document" shall include all forms of information delineated in Fed. R. Civ. P. 34(a).

2. <u>Confidential Information</u>. Various documents and information requested in discovery may be subject to a claim by a party or subpoenaed non-party that such documents or information contain or reflect confidential or proprietary information (collectively, "Confidential Information") that should not be disclosed absent appropriate protections.

3. <u>Procedure For Designating Documents</u>. Any party to this action or any non-party who produces documents or provides information or testimony ("Producing Party"), alleged by such Producing Party to constitute Confidential Information may designate documents (including written discovery responses) as subject to this Protective Order by writing or stamping

on such document prior to its production the designation "Confidential," which shall be placed on the document so as not to obscure the material or any portion of its contents.

4. <u>Inadvertent Failure To Designate</u>. If a Producing Party, through inadvertence, produces any documents containing Confidential Information without labeling or marking or otherwise designating it as such in accordance with the provisions of this Protective Order, the Producing Party may give written notice to the parties that the document produced is deemed Confidential Information and should be treated as such in accordance with the provisions of this Protective Order. The parties must treat such materials as Confidential Information from the date such notice is received.

5. <u>Procedure For Designating Deposition Testimony</u>. If any Producing Party believes that Confidential Information belonging to it has been or may be disclosed in the course of any deposition (whether through any question, answer, colloquy and/or exhibit), then such person may designate the deposition, portion thereof, or exhibit as Confidential by (a) stating on the record of the deposition that such deposition, portion thereof, or exhibit is Confidential, or by (b) stating in a writing served on counsel for the other parties, up to 30 days after receipt of such deposition transcript by the designating person, that such deposition, portion thereof, or exhibit is Confidential, and during such 30 day period the entire deposition transcript and exhibits shall be treated as Confidential in accordance with the provisions of this Protective Order until written designation is made or the time within which to make such written designation has expired. If any deposition, portions thereof, or exhibits are designated as Confidential prior to preparation of a transcript, then the court reporter shall be instructed to mark all originals and copies thereof in accordance with this Protective Order. The portions so designated shall thereafter be treated in accordance with the terms of this Protective Order. If any deposition, portions thereof or exhibits are designated Confidential thereafter, then all recipients of the writing designating such transcript Confidential shall treat the portions so designated in accordance with the terms of this Protective Order.

6. <u>Restrictions on Use and Disclosure of Confidential Information</u>. All Confidential Information shall be used solely for the preparation, trial, and/or settlement of this lawsuit (including appeals) and for no other purpose whatsoever. Unless otherwise authorized by the designating person or ordered by this Court, the persons enumerated in paragraph 7 to whom Confidential is disclosed shall not make Confidential Information public, shall not use Confidential Information in any other civil action or administrative proceeding, and shall not disclose or divulge Confidential Information to anyone except as permitted in this Protective Order.

7. <u>Permitted Disclosure of Confidential Information</u>. Any information that has been designated as Confidential Information in accordance with this Protective Order may be disclosed to:

    a. The parties to this action and counsel for the parties;

    b. Any outside expert or consultant for each party; provided, however, that all such outside experts or consultants shall first have agreed in writing to be subject to the terms of this Protective Order and to submit to the Court's jurisdiction for the purposes of the Protective Order;

    c. Law clerks, paralegals, stenographic support, and clerical employees of the persons identified in paragraphs 7(a) and 7(b) hereof whose functions require them to have access to the Confidential Information;

    d. With respect to any particular document designated as Confidential Information, any person who is named on the face of such document as having been its author or one of its recipients, or who appears from other documents or testimony to have been a recipient of such document; provided, however, that all such individuals shall first have agreed in writing to be subject to the terms of this Protective Order and to submit to the Court's jurisdiction for the purposes of the Protective Order;

e. The Court before which this case is pending, including court personnel who are authorized by the Judges of this Court to review such information; and

f. Any stenographer, court reporter or videographer present in his or her official capacity at any hearing, deposition, or other proceeding in this case.

8. <u>Disclosure at Deposition</u>. Any deposition witness who is not identified in paragraph 7, and their counsel, may be shown at their deposition documents marked Confidential. The witness and their counsel shall, on the deposition record, be given a copy of this Protective Order prior thereto and shall thereafter be subject to the terms of this Protective Order regarding such documents or the identified Confidential portions thereof.

9. <u>Producing Party's Use and Disclosure of Confidential Information</u>. Subject to already existing confidentiality obligations, a Producing Party may freely disclose its own Confidential Information, in whole or in part, in any manner it chooses, including to third parties, without impairing the obligations imposed by this Protective Order upon others.

10. <u>Filing Under Seal</u>. Any paper, document, exhibit, or thing that contains or discloses Confidential Information, which is to be filed or submitted with the Court shall be filed or submitted in a sealed envelope, prominently marked with the caption of the case and notation:

<u>Confidential</u>

Subject to Protective Order in:

*Obsidian Finance Group, LLC and Kevin D. Padrick*
*v.*
*Crystal Cox*

United States District Court
For the District of Oregon
Case No. CV 11-0057 HZ

[Indication of Nature of Contents]
<u>TO BE OPENED ONLY BY</u>
<u>OR AS DIRECTED BY THE COURT</u>

Such sealed envelope shall be opened and reviewed only by personnel authorized by this Court. The filing party shall, to the extent possible, eliminate or minimize the need for

filing under seal by redacting the Confidential Information, including by conferring in good faith with the opposing party concerning the scope of information that constitutes Confidential Information.

11. <u>Use of Confidential Information in the Courtroom</u>. The use and disclosure of Confidential Information in open court shall be governed solely by the law and further order of the Court. However, Confidential Information used in any court proceeding herein shall not lose its Confidential status through such use. Any use of Confidential Information in open court shall not relieve the parties from the confidentiality obligations and use limitations otherwise imposed by this Order.

12. <u>Designation Not Conclusive</u>. The designation of any document, thing, information or testimony as Confidential is intended solely to facilitate preparation for trial, and the failure to challenge such a designation shall not be construed as an admission or an agreement that the designated document, thing, information or testimony constitutes, contains or discloses any Confidential Information in contemplation of law. No party shall be obligated to challenge the propriety of any such designation, and any failure to do so shall not preclude a subsequent attack on the propriety of any Confidential designation.

13. <u>Relief Available</u>. In the event of a dispute with respect to the designation of any discovery material as Confidential Information, the parties shall endeavor in good faith to resolve their dispute on an informal basis before presenting the matter to the Court for resolution. Any party hereto may seek relief from, or modification of, this Protective Order, and may challenge the designation of any document, thing, information or testimony as Confidential.

    a. The party challenging the designation shall provide to the Producing Party written notice of the disagreement and a request to withdraw the designation, specifically identifying the Confidential Information in dispute and articulating the challenging party's basis for its challenge of the Confidential designation;

b. If the Producing Party does not agree to withdraw the Confidential designation, that party shall, within ten (10) calendar days, respond in writing to the challenging party's notice, articulating the basis for the Producing Party's designation with sufficient particularity to enable the challenging party to move the Court for permission to disclose the Confidential Information;

c. If no written response under paragraph 13(b) is served within ten (10) calendar days of the notice provided in paragraph 13(a), the Confidential designation will be deemed withdrawn;

d. If the dispute cannot be resolved between the parties without intervention from the Court, the party challenging the Confidential designation may move the Court requesting appropriate relief; and

e. Documents and information designated as Confidential Information shall be treated as Confidential Information until the Court resolves a motion challenging the designation or until the designation is voluntarily withdrawn.

14. <u>Procedure Upon Termination of Action</u>. Within 60 days of the final determination of this action, including all appeals, and unless otherwise agreed to in writing by the parties, each party shall either certify in writing that the remaining copies of documents constituting Confidential Information have been destroyed or return them to the Producing Party, such election to be made by the Producing Party. Notwithstanding the foregoing, the attorneys of record for each party may retain all briefs, memoranda, motions, and other documents containing their work product that refer to or incorporate Confidential Information, may retain copies of deposition transcripts, and may retain copies of all pleadings filed in these actions, and will continue to be bound by the terms of this Protective Order with respect to all such retained information.

15. <u>Privileged Information</u>. Nothing contained in this Protective Order shall be construed to require production of Confidential Information that is privileged or otherwise protected from discovery.

16. <u>Continuing Order and Continuing Jurisdiction of This Court</u>. The terms of this Protective Order shall survive the final termination of this action with respect to all Confidential Information. This Court shall retain jurisdiction, following termination of this action, to adjudicate all disputes either between the parties hereto or between a party hereto and a third party relating to or arising out of this Protective Order.

17. <u>Transmission of Confidential Information</u>. Nothing in this Protective Order shall prohibit the transmission or communication of Confidential Information by hand delivery; face to face conference; in sealed envelopes or containers via the mails or an established freight, delivery or messenger service; or by telephone, telegram, facsimile or other electronic transmission system if, under the circumstances, there is no reasonable likelihood that the transmission will be intercepted and misused.

18. This Protective Order may be modified by written stipulation among all the parties if approved by the Court. Absent stipulation, any party may seek modification by proper application to the Court.

DATED this 10th day of November, 2011.

/s/ Marco A. Hernandez
United States District Court Judge Marco Hernandez

IT IS SO STIPULATED:

TONKON TORP LLP

By /s/David S. Aman                          By /s/ Crystal Cox
    David S. Aman, OSB #96210            Crystal Cox
    Of Attorneys for Plaintiffs            Attorney pro se