Crystal L. Cox
Investigative Blogger
Pro Se Defendant
**Oregon Civil No. CV 11-0057 HZ**

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
Portland Division

OBSIDIAN FINANCE GROUP, LLC and
KEVIN D. PADRICK,                    Plaintiffs

                                                  **Civil No. CV 11-0057 HZ**

Pro Se
CRYSTAL L. COX, Defendant

                                                   **Objection to**
                                              **Plaintiff's FRCP 37**
                                              **Motion to Compel**

**Defendant Objects to Plaintiff's Motion to Compel.**

Defendant claims that David Aman, Plaintiff's attorney, nor Plaintiff has made **a good faith effort** to resolve any issue.  David Aman has been bullying and harassing Defendant, and has not cooperated with Defendant in a Professional matter, as David Aman has more then issues of the Plaintiff involved in this case.  David Aman was intimately involved throughout the details of the Summit 1031 Bankruptcy case.

Plaintiff's attorney David Aman has not given Defendant one document as defendant requested in discovery, yet keeps filing a motion to compel documents from defendant.

Defendant requests court to take note that the blog post on **BankruptcyCorruption.com** in which is the only thing left as material fact of this case and that the post of December 25th 2010 was not in the Original Complaint filed by Plaintiff.  The blog post that defendant is on trial for was introduced into this case a reason for a 10 million dollar lawsuit many months after Defendant responded to the Original Complaint.

Defendant has requested documents that would prove or disprove allegations and are relevant, discoverable information to this case and plaintiff has not, as of this date produced any documents what so ever, yet is filing a Motion to Compel for me to produce documents.

Defendant has properly objected to Plaintiff's requests, and has answered the Discovery Request's to the best of her ability.  Those objections, dated October 23, 2011, are again attached to this Opposition to David Aman's Motion to Compel Dated Nov. 10th 2011.

I, Defendant do not believe that Plaintiff, Obsidian Finance Group nor Plaintiff's Attorney Tonkon Torp can prove damage to their reputation in the 20 days between December 25th 2010 and the Filing Date of January 14th 2011.

Plaintiff is trying to sett me up by badgering for Discovery, they are pushing me hard to so they can get a sanction on me and a Default Judgement, because they know full well what is the facts of that post, and what is questions, opinion.

Defendant Filed objections to Plaintiff's document requests the same day as she got Plaintiff's objection on her document requests.  However, Defendant over looked the difference between Interrogatories and Document requests.  As David Aman at one point left out part of his filing, the court then allowed him to later file the missing piece.  It happens, days later when Defendant, I noticed my error I sent my response to Plaintiff's Interrogatory requests.

**As to Interrogatory Number 1 Specifically**, this request is to broad, and David Aman, has no legal right to have all defendants communications regarding this, it is way to broad, Defendant is a reporter and defendant was granted a summary judgement on these writings.  Defendant objects to this brought, general asking for information on such a broad topic.

As to **Interrogatory Number 3** in specific I have never communicated with Brian Stevens, Kyle Cummings, Greg Fowler Lynn Hoffman or Lane Lyons in ANY way.

My main source is the blog  (http://www.summit1031bkjustice.com/  ) I linked to in the post I am on Trial for, ( a Third Party Blog ) and the court proceeding that is on it, David Aman, Plaintiff Attorney Knows this, and has at least since he Deposed Stephanie DeYoung, Oregon CPA - Summit Insider - Bankruptcy Whistleblower, in video and asked her specifically about my blogs, and my intention, this was in August of 2009 and David Aman never asked me who I was or my intentions in my writings, postings on the Summit 1031 Bankruptcy.

As for My communications with Mark Neuman before **December 25th 2011,** these emails were on the **Summit1031Sucks.com Blog,** and many are still online somewhere.  David Aman read that blog when it was up, and mentions that Domain Name in this Court Proceeding.  This also shows I was not biased, I posted on the Summit 1031 Side of the case as well, none of it ever mean to defame anyone, in fact

my intention always was and is simply to expose the details of a high profile bankrupty case in order to support victims and to provide transparency in the Bankruptcy Courts.

I cannot keep track of all I post, which, in essence is why Plaintiff should have resorted to Oregon Retraction Statutes **BEFORE Plaintiff filed a Lawsuit to this magnitude.** Plaintiff should have **sent me an exact link to each post** Plaintiff wanted removed, and reason why, then I was legally allowed two weeks by Oregon Retraction Statutes, I was never asked to remove that post.

Also in regard to my communications with Mark Neuman before December 25th 2011, I am media by legal definition, I make a Living from investigative blogging, I gather media and I do not, as a matter of law, have to turn over my communications with Mark Neuman, though David Aman saw the blog all the emails were at one time posted on, as at that time I took note on my statcounter for my blog.  Under Oregon Shield Laws I am not required to turn over source information period, by law.

Also in regard to my communications with Mark Neuman before December 25th 2011, I had not corresponded with Summit Principal since around March of 2010, as we had a massive fall out at that time, after this he never emailed me again, before this time, he had emailed me some of his thoughts as I had asked Stephanie DeYoung to ask him if I could ask him some questions, as "Media" does.

This information has nothing to do with the blog post I am on trial for and is protected under Shield Laws. Mark Neuman, Summit principal at one time answered my questions freely, however even before March of 2010, Mark Neuman never asked me to post anything, nor to retract anything, nor did Mark Neuman tell me, to my recollection that Kevin Padrick was guilty of any illegal behavior or broken laws, codes, he simply presented questions.  I never answered to Mark Neuman in any way, nor did Mark Neuman control my blogs or my personal, chosen actions in any way.

**David Aman Says**  "Ms. Cox has at times claimed that she relied on Ms. Studebaker and
her father, Mark Neuman, when she made the defamatory statements about plaintiffs. As a
result, plaintiffs should be provided with all communications defendant had with them, as well as any other person affiliated with Summit."

At any time that I, Defendant, claimed Stephanie DeYoung or Mark Neuman as a source of the subject post, I was referring to **the Source Blog** authored by Stephanie DeYoung in which I gave a link to at the bottom of the subject post. And I refer to **Videos online** by Stephanie DeYoung - Oregon CPA and Summit Insider talking about this case, **Video Depositions** on YouTube of Stephanie DeYoung taken by David Aman, and of Mark Neuman, **Summit Principal's Deposition** taken by David Aman, Tonkon Torp Attorney during the Summit 1031 Bankruptcy Proceedings. These are their words I relied on.  Neither Stephanie DeYoung nor Mark Neuman ever controlled the

content of my blogs.

Please note, when Defendant made that broad statement of source in her response to the Original Complaint, the Issue of this trial, that **at that time was material fact,** was not the blog post that Plaintiff introduced into this trial as **a new reason for a 10 Million Loss** months after the Original Complaint.  Thus, Defendant was responding to the Original Complaint in that broad statement of source, and in no way to this specific post.

## Oregon Shield Laws

Oregon shield law, ORS 44.510 through ORS 44.540, provides protection for reporters and others against compelled testimony, production of evidence and searches.

Defendant is Legally Defined as Media and by Law is protected as to the source of information posted on that media, and the statutes protects defendant as a reporter from being compelled to disclose: (1) a source of information obtained in the course of work, regardless of whether the information has been published; and (2) unpublished information obtained or gathered in the course of work.

Reporters also are protected from searches of their papers, effects or work premises, unless there is probable cause to believe the reporter has committed, is committing or is about to commit a crime.

The retraction procedure allows an allegedly defamed person to make a written demand for correction or retraction that must be delivered to the publisher of the statement, Kevin Padrick, Obsidian Finance, Plaintiff  nor their attorney, David Aman of Tonkon Torp ever did so.

Why waste the courts valuable time, tax payers dollars and file a frivolous high cost lawsuit, consume nearly a year of Defendant's life, and cost Defendant Time and Money for nearly a year, when Plaintiff never even asked for a retraction of that post.

### Some Case Data on Retraction Statutes

"   Failure to allege that retraction had been requested of magazine publishers and refused by them, as required by this section, rendered complaint insufficient to constitute cause of action for general damages for libel. **Davidson v. Rogers, 281 Or 219, 574 P2d 624 (1978)**
        Condition of this section denying general damages unless retraction is demanded but not published does not violate Constitution, Article I, Section 10, which provides that every man shall have remedy by due course of law for injury done him. **Davidson v. Rogers, 281 Or 219, 574 P2d 624 (1978)"**

" When claim characterized as false light alleges facts that also constitute claim for defamation, plaintiff must seek retraction under this provision from defendant as prerequisite to bringing false light claim. **Magenis v. Fisher Broadcasting, Inc., 103 Or**

**App 555, 798 P2d 1106 (1990)**"

### More Reasons I Oppose this Motion to Compel

At Trial, which is, at this time less then 20 days away, I intend to Call Kevin Padrick of Obsidian Finance Group to the Stand to ask questions of that post.

I believe that this post **contains fact,** and I will ask Kevin Padrick flat out if he believes the post to be false. Kevin Padrick of Obsidian Finance Group will be under oath, and I would hope he will tell the whole truth and nothing but, this in and of itself if he speaks true will clear me of defamation, as Kevin Padrick knows full well that the subject post is not defamation.

Therefore David Aman is trying to use court rules to trip up a Pro Se Defendant and desperately grasping for a Summary Judgement before either Kevin Padrick perjures himself on the witness stand or I prove the facts of the post in court and next step for them is possible indictments, and many lawsuits over the Summit 1031 Bankruptcy proceedings.

**Kevin Padrick did not declare in his trustee statement** that he had prior contracts, conflicts of interest in working for the debtor and was therefore legally an insider, and in bankruptcy code, an "insider" is not allowed to be a Trustee. And in the Tax Code, in a 1031 Exchange Company a legally defined "insider" is not a "qualified intermediary". All this factors into this one post. **David Aman wants to get a Motion to Sanction** on me to stop the flow of information regarding these issues. So he has filed another Motion to Compel, he knows I will Oppose and then I, Defendant assume he will then file another Motion to Sanction. Even though the Judge in this Case gave me til Nov. 7th 2011 to file my Response and David Aman had it in hand on October 23, 2011.

My counter claim against defendant was ruled by Judge Hernandez, as not defamation because I claimed defamation over the filing of this case and the information then getting out on the internet, and my counter complaint against Obsidian Finance Group and Tonkon Torp was dismissed, one reason was the writings online about this Judicial Proceeding have Absolute Privilege and that I cannot sue for defamation based on that. Yet that blog post I am sured over is based on a Judicial Proceeding **(Court Case No. 08-37031 rld11: Objection to Attorney Fees of Obsidian Finance Group LLC, Trustee Kevin Padrick and Tonkon Torp LLS and Written Request for Hearing)** and I am going to trial for 10 Million Dollars. Not only was that post in regard to that Judicial Proceeding the Summit 1031 Bankrupcy is Federal Bankruptcy Case, a Judicial Proceeding and Kevin Padrick is a Public Figure, am I not under that same Absolute Privilege as my Counter Claim was Dismissed on ?

"" **Wallulis v. Dymowski,** 323 Or. 337, 348, 918 P.2d 755, 761 (1996) (statements made in judicial proceedings are absolutely privileged); Wollam v. Brandt, 154 Or. App. 156, 162 n.5, 961 P.2d 219, 222 n. 5 (1998) (**absolute privilege applies** not only to defamation action, but "to any tort action based on statements made in connection with a judicial proceeding").  ""

The **Summit1031BkJustice.com** I link to at the bottom of the subject post is a blog regarding the issues around a Judicial Proceeding,  (**Court Case No. 08-37031 rld11: Objection to Attorney Fees of Obsidian Finance Group LLC, Trustee Kevin Padrick and Tonkon Torp LLS and Written Request for Hearing) .** That blog thereby has Absolute Privilege, and I, Defendant in posting from that 3rd party blog should also have Absolute Privilege.

The details of that post are not made up, they have a factual source and a legitimate basis, in which I look forward to showing at the trial, as verbatim as I possibly can.  My Trial documents, will be in on time, and will include detailed information with exhibits as to my source of that post. And to why I believe it to be Fact and Not Defamation, though I do not legally have to prove fact in this case as Kevin Padrick is a Public Figure in this case, and he has the burden of proof.

Obsidian Finance Group Kevin Padrick and David Brown, along with Tonkon Torp Law Firm and David Aman stand to lose mass amounts of money, and possibly be indicted if the details of what happened in the Summit 1031 Bankruptcy comes out, so they have fought a long time to remove videos and information from the Internet.

This case is not so much about Defamation as the Plaintiff and his attorney, which really is essentially the plaintiff as well need to silence me. So they are trying every trick they can to suppress what I say, to trick me. So they can remove this information from the Internet.

Even after Judge Hernandez granted a Summary Judgment on Obsidian Finance and "other side" which was vague in the Original Complaint, David Aman keeps pressuring me for a statement that all I said was false, Thing is it was not false as far as I know.  I have not ever seen anything that proves one word of it is false. **Kevin Padrick was a Public Figure,** and I have never had Actual Malice, Kevin Padrick needs to prove that the post is false and as of yet he has not.  Add to that I really am legally defined Media, as the Supreme Court defines Media and I am protected by Shield Laws as a Legitimate Journalist.

David Aman, keeps pressuring me to turn over **ObsidianFinanceSucks.com** and up to 20 other blogs of mine, even though I was granted summary judgement, he is not playing fair to say the least.  Also David Aman, attorney for Plaintiff wants me to give them **Summit1031bkJustice.com,** which is a not my blog, and I do not currently own this blog.

David Aman keeps pushing to get me to say something about Stephanie DeYoung and Mark Neuman when David Aman, Plaintiff Attorney was involved in the Summit Bankruptcy and knew the whole time of my blogs, and the tenure, the tone of those blogs.  David Aman knew that I had read their information and interviewed them, as I am an online journalist.

Tonkon Torp Attorney David Aman even deposed Summit 1031 insider Stephanie DeYoung in

video and one of his questions, August of 2009, was about Crystal L. Cox Investigative Blogger. David Aman is not just the Plaintiff's attorney, he was involved in the Summit Bankruptcy and his fees were questioned as well in the Objection to Fees Court Filing, again attached to this answer. Of which most all of that blog post can be found in that Case.

That **(Court Case No. 08-37031 rld11: Objection to Attorney Fees of Obsidian Finance Group LLC, Trustee Kevin Padrick and Tonkon Torp LLS and Written Request for Hearing)** has the information in that Post. It talks of the 15% Commission, the Meetings with Kevin Padrick, the Issue of Deferred Gain and the issue of Kevin Padrick being hired by the Summit Principals before they filed for bankruptcy, then turning on his own client and taking a meeting with the Creditors Commitee of which no one to this day knows who sent him there.

Therefore it is speculated that Kevin Padrick's conflict of Interest with former Miller Nash Attorney Steven Hedberg who was then the Attorney for the Creditors working with Perkins Coie Law Firm, this may be the reason he got that meeting and got that "Job".

In that court case there are details, numbers, information and I have read that case, this is the majority of the source of that post, this is information that Plaintiff seems to want to suppress.

Plaintiff is demanding Over and Over all my communications with Mark Neuman and Stephanie DeYoung, yet knowing full well that the court case, depositions, news at the time and Summit Blog is the information that is the source of that post.

Kevin Padrick, Plaintiff wants this information all gone because Obsidian Finance, talked about as a hybrid financial services company, see this company was hired by a company called Summit Accomodators, (Summit 1031) they hired him to help them to restructure debt, in hopes to not have to file bankruptcy, to do right by the creditors and investors the best they could, at this time the Summit Principals had Cash, Assets, Bonds, Insurance and should have been able to restructure to save all that happened after, expect Kevin Padrick, Obsidian Finance Group essentially put the breaks on it all by taking all their financial information, signing a contract with them and just never coming back and then turns up taking a meeting with the Creditors Committee using that attorney client privileged information. I do not believe this is legal.

The FBI indictments were handed out to the wrong people in Summit Bankruptcy, and Tonkon Torp as well as Obsidian Finance Group are doing all they can to silence me. And I do not believe for one minute they are above killing me over this. As they continue to conspire with those who wish me harm. Such as Sean Boushie and Ed Humphrey.

On my stat counter it seems that David Aman obsesses over the letter, the email he got from one of the attorneys at the time of the bankruptcy, Robert Opera, see if this trial turns up proof that David Aman also knew there was a deferred tax gain issue, their were real estate offers ignored that benefited the creditors, and a hint of fraud, then David Aman himself will be up on federal charges. The Plaintiff and the Plaintiff's attorney have a lot at stake here in their effort to silence me, their Freedom and their Financial Worth.

Therefore they have stooped to continued contact with Sean Boushie, who just today on his blog he threatened a Montana Judge, he also talks today of email Mr. Aman later today proving they are in contact yet again, he constantly talks of shooting people and no authority offers me protections as they use him to keep me in fear, in hopes I write less on my Investigative Blogs. David Aman, is unethically using this pressure point as harassment, and I accused him of conspiracy in my counter complaint and was denied, that case was dismissed.

My life is in danger over Sean Boushie and Law Enforcement does nothing, Ravalli County Montana Does Nothing, Lincoln County Montana Does Nothing, Missoula County Does nothing, the State of Montana Does Nothing, and the University of Montana Police do nothing, ALL in order to protect corruption in Montana, and **David Aman is working with this man to attempt to put me under duress and pressure me to settle.**

**More on Why Oppose this Motion to Compel**

At my trial I intent to ask the Plaintiff Kevin Padrick on the witness stand, under oath each of the concerns, assertions, accusations of that post, such as why was Terry Vance removed as CRO, who sent him to the creditors committee, was he hired by the Summit Principles before they filed bankruptcy to help them restructure, did he disclose to the creditors committee that he had a conflict of interest with the Summit Principals, did he reject qualified offers on estate assets that would have got creditors money because his commission pay scale was not yet set in place, did he mention ponzi scheme at his first meeting with the Summit principles, did he used privileged information from his clients spreadsheets and asset data against them and break contractual agreements, how did he get the job of the Trustee in the Summit Bankruptcy that I said he stole, **what about the blog post of Blogger Crystal L. Cox is not FACT,** was there 14 million in case - a bond of $10 Million - and E & O insurance for 3 Million available to Creditors and Investors, did he have a prior conflict of interest in any way with Judge Randall Dunn or with anyone at the Bend Oregon DA, **did he pay the deferred gain due** on any and all tax exchanges regarding the Summit bankruptcy that were legally owed under **US Tax Code**, did he transfer ownership of Century Drive Mobile Home park without consulting other owners, and many more questions pertinent to whether that exact post is absolute fact or defamation.

I intent to prove tax fraud, bankruptcy code violations, breach of contractual obligations a**s best as I possibly can**, along with the fact that I as legally defined media I am not required to do so, yet plan to, as my intentions were never in actual malice and I truly believe that Kevin Padrick, Obsidian Finance Group as the Trustee in a Federal Bankruptcy Proceeding acted outside of the bankruptcy code, the tax code, ethics codes and should lose his attorney license, as well as be indicted for his actions that cause an endless array of damages of people lives and financial security.

For the purposes of this Trial, to the best of my Ability I am going with Absolute Fact as my Defense, even though stating the fact that I am media and don't have to do so, I intend to prove to the best of my Ability that the post is Fact. And I intend to ask Kevin Padrick, on the Stand Under Oath what part he swears is not fact.

### Regarding the Defendants Complaint Response and Aman Claiming That Defendant Stated a General Source.

In Defendant's Original Response to Plaintiff's Original Complaint Defendant made a <u>More Definite Statement Request</u> and was denied this request.

Defendant asked the courts in this filing to **require plaintiff to give defendant a more definite statement** as to which blogs, which blog post that Plaintiff was referring to in the Original Complaint, as the Original Complaint was vague as to which sites, which exact sentences or even which exact blog posts we of concern.

In the Court Filing for a More Definite Statement Request Defendant said, "Fed. R. Civ. 12(e) "A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response ... " **Defendant was denied this request.**

Therefore when Defendant, Crystal L. Cox responded to the vague and ambigous accusation she did not respond to any post in particularly or with certain assertion of fact.

After Defendant was Denied the request for a more difinitive statement, Defendant then answered the Original Complaint as best she could, though defendant has over 500 blogs and had no idea what specif posts that Plaintiff was referring to.

Defendant Did not post information Blog Post with Actual Malice or with any disregard for the Truth. Defendant Fully Believes information in post to be true, and without the proof of actual malice, Defendant is Immune from a Defamation Lawsuit regarding this post. David Aman, Plaintiff Attorney of Tonkon Torp knows this and therefore is making desperate attempts to get this case to go away and me to lose by default.

**Defendant did not have "Actual Malice" i**n any way in the subject blog posting.

Actual malice involves a subjective inquiry into the Defendant's intent, specifically, whether Defendant knew that her alleged defamatory statement were false or that the Defendant had recklessly disregarded the possibility of its falsity. Defendant had no such knowledge.

**Plaintiff must prove by clear and convincing evidence** that the defendant acted with knowledge of the statement's falsity or in reckless disregard of the statement's truth or falsity.
To **show that the defendant recklessly disregarded the truth or falsity of this blog post,** this published material, plaintiff must show that the defendant entertained serious doubts as to the truth of the publication, the blog post.

A defendant's failure to make a prior investigation into the accuracy of published

statements does not, by itself, **constitute actual malice.** Neither does a defendant's incorrect usage of a key term, pronoun, phrase or word whose meaning is reasonably disputed.

Also Defendant's Claim of Defense in this Regard is based on the fact that as a Bankruptcy Trustee in a Federal Bankruptcy Case answering directly to the Department of Justice Trustee and and issue that affects the Public at large as well as financial victims in many states, Kevin Padrick of Obsidian Finance Group is Legally a Public Figure, if only a for a Limited Time,  in his "Official" capacity in the Summit 1031 Bankruptcy and therefore has the burden of proof and has to also proof that Defendant had actual malice.  **Defendant in no way had actual malice in posting this blog post.** David Aman, Attorney for Plaintiff knows this, as I have seen him read it over and over on my Blog Stat Counter.

**A public figure must show "actual malice"**—that you published with either knowledge of falsity or in reckless disregard for the truth.

A public figure is someone who has actively sought, in a given matter of public interest, to influence the resolution of the matter. In addition to the obvious public figures— a government employee, a senator, a presidential candidate—someone may be a limited-purpose public figure. A limited-purpose public figure is one who (a) voluntarily participates in a discussion about a public controversy, and (b) has access to the media to get his or her own view across. One can also be an involuntary limited-purpose public figure—for example, an air traffic controller on duty at time of fatal crash was held to be an involuntary, limited-purpose public figure, due to his role in a major public occurrence.

This provision has been applied to posting on an online message board, Colt v. Freedom Communications, Inc., and would likely also be applied to blogs. The California privilege also extends to fair and true reports of public meetings, if the publication of the matter complained of was for the public benefit.

The "actual malice" standard was laid down in **New York Times v. Sullivan**, 376 U.S. 254 (1964). In that case, the Supreme Court held that the First Amendment required that a public official libel plaintiff must establish, through clear and convincing evidence, that the defendant acted out of "actual malice.".  Defendant claims that Obsidian Finance Group and Kevin Padrick were acting in a "Public Official" capacity.

New York Times Co. v. Sullivan, 376 U.S. 254 (1964),[1] was a United States Supreme Court case which established the actual malice standard which has to be met before press reports about public officials or public figures can be considered to be defamation and libel

As proven in the New York Times Co. v. Sullivan Case, the Supreme Court held that state defamation laws violated the First and Fourteenth Amendment to the US Constitution unless it required all public officer plaintiffs to establish with "convincing

clarity" or by "clear and convincing proof" that defendants had acted with "Actual Malice".

In Obsidian v. Cox, the Plaintiff is a Public Figure and must prove with "convincing clarity" or by "clear and convincing proof" that defendant Cox had acted with "Actual Malice"

Crystal Cox, Defendant did act in good faith in her blog post in the coverage of events and persons that are of public interest.

Actual Malice is defined as action "with knowledge that it was false or with reckless disregard of whether it was false or not." Defendant Investigative Blogger Crystal L. Cox post the subject blog post in good faith and with fully believe its content to be true, and used sources online that were deemed reputable, profession, qualified sources.

Defendant Claims Judicial Proceeding **Judicial Proceeding Case No. 08-37031 rld11** as main source of her blog post and therefore has provided courts with a copy of this judicial proceeding as well as exhibits in which discuss capital gains, rejected offers and other details in her post that are in this judicial proceeding. And will do so in greater detail in the trial documents for this case.

David Aman, Attorney for the Plaintiff has a conflict of interest in this case, as David Aman Tonkon Torp LLP stands to lose Millions if information surfaces that he knew of any illegal financial activity in the Summit Bankruptcy, in which, at that time David Aman represented Kevin Padrick, and Tonkon Torp law firm has conflicts of interest with the Summit Bankruptcy as well. One of Tonkon Torp's top attorneys use to work with the Department of Justice trustee at a previous law firm.

David Aman, attorney for Plaintiff, is harassing defendant, as it seems that there are other cases against plaintiff such as HomeStreet Slip Copy, 2011 WL 2134379 (Bankr.W.D.Wash.) which claims some of the same "behavior" in a federal bankrupcy. David Aman offered me to Settle, a week ago if I sign a statement that what I said was false, yet Plaintiff in no way has provided any proof, as of this Date of Nov. 10th 2011 that any of the statements are false in any way. Plaintiff has not given Defendant any discovery documents.

**Please note that defendant is not the only Entity  suggesting that Kevin Padrick or Obsidian Finance Group may engage in Illegal Activity.**

There is a recent case out of Washington that also claimed conflicts of interest with Obsidian Fiance Group and Kevin Padrick, with Miller Nash, and there was an Objection to the Fees in that case also. The Cascadia Project LLC case also claims a non-disclosure issue, a disinterested party issue. David Aman is pushing to get me Sanctioned to stop this information from going to court and get a default against me. **I have attached that case to this filing.**

( Slip Copy, 2011 WL 2134379 (Bankr.W.D.Wash.) (Cite as: 2011 WL 2134379 (Bankr.W.D.Wash.)) United States Bankruptcy Court, W.D. Washington, at Seattle. In re CASCADIA PROJECT LLC, Debtor. No. 09-20780 )

David Aman deliberately did not show the Courts this blog post, it is attached as an Exhibit, the exact same blog post, I am on trial for was on ObsidianFinanceSucks.com the day before
http://www.obsidianfinancesucks.com/2010/12/why-investigative-blogger-crystal-l-cox_24.html

Also Note that the blog post right next to the one I am on trial for
http://www.bankruptcycorruption.com/2010/12/david-aman-of-tonkon-torp-law-firm.html
which is also an Exhibit provides more information as to the source of the subject post, it was right next to that one and deliberately left out by Plaintiff.

This Post was on the same day, this post links to http://www.chapter11trustee.com/2010/10/is-kevin-padrick-and-obsidian-finance.html
which also gives context to the Subject Post, and talks about the issue of Deferred Gain being brought up by Oregon CPA Stephanie DeYoung.  Also insider emails that are posted on Summitbk1031Justice.com talk about the Defferred tax gain issue and so does the Judicial Proceeding **Case No. 08-37031 rld11** Objection to Attorney & Professional Fee of Obsidian Finance Group LLC: and this case was also against David Aman, Tonkon Torp law firm

I have given Plaintiff's attorney most of this Source information already and still David Aman, Tonkon Torp Law Firm, Attorney for Plaintiff keeps at me, in order to try and get a Motion to Sanction, in a desperate attempt to get a default judgement to get a Federal Judge to punish me for misbehavior he calls it.  David Aman, Tonkon Torp Law Firm, Attorney for Plaintiff knows that the post contains true information and that the only way he can win this case is to get me on "misbehaving", so he keeps filing documents with the courts in order to show me uncooperative, when I am fully cooperating the best I can.

The Source of the Post was another blog, was Stephanie DeYoung's video depositions, Mark Neuman's Deposition, the David Aman email from Robert Opera, Exhibit 9 in the Judicial Proceeding **Case No. 08-37031 rld11** Objection to Attorney & Professional Fee of Obsidian Finance Group LLC: and this case was also against David Aman, Tonkon Torp law firm.

**Also please note,** Defendant fully believes that Plaintiff and Plaintiff's attorney are engaged in emails, phone calls and possibly in person meetings on Plaintiff's Attorney's

trip to Montana, in order t**o conspire to do harm to Defendant,** this is in regard to Sean Boushie, a man that I believe has threatened to kill me and defames and harasses me on an ongoing basis.

Defendant fully believes that Sean Boushie will attempt to kill her, render her physical harm and that Plaintiff and Plaintiff's attorney has encouraged Sean Boushies. Defendant, I feel I am in danger over this situation and am offered no protection by the US Justice System.

### CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing **Motion to Exclude** to Plaintiff Attorney David Aman, Tonkon Torp At the Following Email Addresses on November 9th, 2011:

**To:**

mary.costanzo@tonkon.com

david.aman@tonkon.com

steven.wilker@tonkon.com

With a Copy to the Oregon Courts and Electronic Filing
Cc: Michelle_Rawson@ord.uscourts.gov


Crystal L. Cox
Defendant Pro Se
**Civil No. CV 11-0057 HZ**

Case 3:11-cv-00057-HZ    Document 66    Filed 11/14/11    Page 14 of 14    Page ID#: 1140