Steven M. Wilker, OSB No. 911882
   Direct Dial: 503.802.2040
   Fax: 503.972.3740
   E-Mail: steven.wilker@tonkon.com
David S. Aman, OSB No. 962106
   Direct Dial: 503.802.2053
   Fax: 503.972.3753
   E-Mail: david.aman@tonkon.com
**TONKON TORP** LLP
1600 Pioneer Tower
888 S.W. Fifth Avenue
Portland, OR 97204

        Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

Portland Division

| | |
|---|---|
| **OBSIDIAN FINANCE GROUP, LLC and KEVIN D. PADRICK,** | |
| Plaintiffs, | Civil No. CV 11-0057 HZ |
| v. | **PLAINTIFFS' TRIAL MEMORANDUM** |
| **CRYSTAL COX,** | |
| Defendant. | |

Plaintiffs Obsidian Finance Group, LLC and Kevin Padrick submit this trial memorandum in connection with the trial in this matter set for November 29, 2011.

## I.   APPLICABLE STANDARD OF CARE AND BURDENS OF PROOF APPLICABLE TO PLAINTIFFS' DEFAMATION CLAIM

The trial of this case concerns defendant's false and defamatory assertions that plaintiffs Obsidian and Padrick committed criminal tax fraud in connection with the Summit bankruptcy estate.

Under Oregon law, the content and context of the defamatory statements are irrelevant to the applicable standard of liability. *Bank of Oregon v. Independent News, Inc.*, 298 Or. 434, 439-40, 693 P.2d 35 (1985). Thus, it does not matter whether the plaintiff is a public or private figure. *Id.* Likewise, whether the defendant is an individual or a media defendant is also irrelevant. *Id.* at 440. The only constitutional limitation imposed under Oregon law is that punitive damages are not available in any defamation action. *Wheeler v. Green,* 286 Or. 99, 119, 593 P.2d 777 (1979). Thus, under Oregon law, plaintiffs must simply establish that defendant published matter defamatory to them. *Harley-Davidson v. Markley*, 279 Or . 361, 365, 568 P.2d 1359 (1977). The common law presumes falsity; truth is an affirmative defense. *Philadelphia Newspapers, Inc. v. Hepps*, 475 U.S. 767, 770, 106 S. Ct. 1558 (1986); *see Harley-Davidson v. Markley*, 279 Or . at 374-75 (describing consequences of failing to establish truth as defense).

Under the First Amendment, however, there are a number of limitations on state law. If the defamatory statement concerns a matter of public concern and the plaintiff is a public official or public figure, then the plaintiff must establish actual malice – knowledge of falsity or reckless disregard of truth or falsity – by clear and convincing evidence to prevail. *New York Times Company v. Sullivan,* 376 U.S. 254, 279-80, 285-86, 84 S. Ct. 710, 725-26, 728-29 (1964); *Curtis Publishing Co. v. Butts,* 388 U.S. 130, 87 S. Ct. 1975 (1967); *Wheeler v. Green, supra,* 286 Or. at 108; *Harley-Davidson v. Markley,* 279 Or. at 366. If the plaintiff is not a public figure

or public official, but the defamatory statement concerns a matter of public concern, then a *media defendant* may not be held liable without fault and, further, may not be liable for presumed or punitive damages in the absence of actual malice. *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 347, 349, 94 S. Ct. 2997 (1974). But if the plaintiff is not a public figure or public official, the defendant is not a media defendant, and the defamatory statement does not address a matter of public concern, then the First Amendment does not limit the remedies that may be awarded for defamation under state law. *Dun & Bradstreet, Inc. v. Greenmoss Builders, Inc.*, 472 U.S. 749, 763, 105 S. Ct. 2939 (1985).

**A.     This Case Does Not Involve A Matter Of Public Concern.**

Defendant's assertions did not address a matter of public concern. Like the credit reports at issue in *Dun & Bradstreet*, defendant's statements about plaintiffs' handling of the liquidation of certain assets of a bankruptcy estate concerns private commercial matters. There is no broad public interest in the handling of a single bankruptcy of a non-public and largely unregulated business corporation. Rather, the interested parties were those who were participating in the bankruptcy proceedings and whose economic interests might be impacted by the work of the trustee charged with marshalling and liquidating the assets of the estate for the benefit of its creditors. *See id.* at 762. That the bankruptcy liquidation was subject to court oversight does not change the result. In *Time, Inc. v. Firestone*, 424 U.S. 448, 454-55, 96 S. Ct. 958 (1976), the Court held that "[d]issolution of a marriage through judicial proceedings is not the sort of 'public controversy' referred to in Gertz, even though the marital difficulties of extremely wealthy individuals may be of interest to some portion of the reading public." The Court also rejected the notion that all reports concerning or related to judicial proceedings are necessarily regarding matters of public controversy. *Id.* at 455.

**B.**     **This Case Does Not Involve A Media Defendant.**

Although defendant claims to be a journalist, she is not.  Her own e-mail sign-off describes her as "broker/owner, Internet Marketing Search Engine Reputation Manager, Investigative Blogger, Good Life International Distributor."  Titling herself, in part, as an "investigative blogger" does not make her a journalist or media defendant.  Unlike a true media defendant such as a broadcast or cable television station or newspaper, defendant operates with no editorial oversight and without apparent means to satisfy her responsibility under Oregon law to be able to answer in damages for her defamatory statements.  Instead, she operates a cynical and extortionate business model in which first she defames her targets and then seeks to contract with them for payment to repair their online reputations.  Her model is not that different from a mobster who "sells fire insurance," collecting premiums to refrain from burning down his "customers'" businesses.

**C.**     **Plaintiff Is Not A Public Official or Public Figure.**

Mr. Padrick is a businessman and Obsidian is an advisory and investment firm.  Mr. Padrick is not an elected or appointed official.  He holds no office and is not employed by a public entity.  He is not and was not paid for his service with public money.  Neither Obsidian nor Mr. Padrick is a public official.  *See Gertz*, 418 U.S. at 351 (rejecting attempt to "distort the plain meaning of the 'public official'").

Likewise, neither is a public figure.  As *Gertz* explained, the rationale for treating public figures differently is their presumed access to effective opportunities for rebuttal.  *Id.* at 344.  To be a public figure requires far more than just being involved in community and professional affairs or even being well known in certain circles.  "Absent clear evidence of general fame or notoriety in the community, and pervasive involvement in the affairs of society, an individual should not be deemed a public personality for all aspects of his life."  *Id.* at 352.

Nor is Padrick or Obsidian a public figure for purposes of a particular public controversy giving rise to the defamation. Accepting appointment as a private trustee in bankruptcy for the purpose of marshalling and liquidating the assets of a bankrupt entity, including its claims against former shareholders, officers, employees and third parties, does not involve a matter of public controversy. Rather, as discussed above, it is essentially a commercial assignment of interest primarily to the creditors and others whose economic interests may be impacted by the trustee's work. Through his successful efforts, he and Obsidian have obtained recoveries for the benefit of the entity's creditors. And he and Obsidian are continuing in those efforts (despite defendant's malicious and cynical efforts to defame and discredit them). But taking on the role of bankruptcy trustee does not make Mr. Padrick or Obsidian a public figure for purposes of defamation law.

In sum, because defendant is not a media defendant, plaintiff is not a public figure or public official, and there is no matter of public concern for purposes of the First Amendment, Oregon's common law defamation rules apply: Plaintiffs bear the burden of establishing the defamatory statement was published; the common law presumes the statement was false and permits defendant to raise truth as an affirmative defense with the burden of proof. Defendant has pled no facts nor asserted in any filing any facts that would support the existence of a privilege here. To the extent that the court treats defendant as a media defendant (which she is not), then plaintiffs acknowledge that it is their burden (and one that will easily be met here) to establish both falsity and negligence by a preponderance of the evidence.

## II.    THIS ACTION IS NOT SUBJECT TO OREGON'S ANTI-SLAPP STATUTE

In various pleadings and submissions, defendant has continued to assert that this action is subject to Oregon's Anti-SLAPP statute, ORS 31.150. This court previously held that defendant's attempt to raise the Anti-SLAPP statute was untimely. (Opinion and Order, July 7,

2011, Docket No. 26 at page 15, n. 3.)  Her continued efforts remain untimely.  (Order, November 16, 2011, Docket No. 70, 3rd paragraph.)  In any event, this court has found that plaintiffs are entitled to proceed to trial on their claim that defendant had defamed them by accusing them of tax fraud.  (Supplemental Opinion and Order, August 23, 2011, Docket No. 31, pp. 24-31).  That ruling effectively disposes of any argument that this action is barred by the Anti-SLAPP statute.  Thus, even if the Anti-SLAPP statute had been timely invoked, it would not have prevented this claim from proceeding to trial.

## III.    DEFENDANT IS NOT ENTITLED TO RELY UPON OREGON'S RETRACTION STATUTE

As with her claims under the Anti-SLAPP statute, defendant has asserted on various occasions that she is protected by Oregon's retraction statute.  ORS 31.210 provides:

> (1) In an action for damages on account of a defamatory statement published or broadcast in a newspaper, magazine, other printed periodical, or by radio, television or motion pictures, the plaintiff shall not recover general damages unless:
>
> (a) A correction or retraction is demanded but not published as provided in ORS 31.215; or
>
> (b) The plaintiff proves by a preponderance of the evidence that the defendant actually intended to defame the plaintiff.
>
> (2) Where the plaintiff is entitled to recover general damages, the publication of a correction or retraction may be considered in mitigation of damages.

Defendant claims to be a journalist.  But she is not.  Her own e-mail sign-off describes her as "broker/owner, Internet Marketing Search Engine Reputation Manager, Investigative Blogger, Good Life International Distributor."  Titling herself, in part, as an "investigative blogger" does not make her a journalist.  In any event, whether or not she is a journalist is irrelevant to whether or not the retraction statute applies.

The Oregon retraction statute only applies to defamatory statements "published or broadcast in a newspaper, magazine, or other printed periodical, or by radio, television or motion pictures." ORS 31.210. Defendant's internet blog is not a newspaper, magazine or other printed periodical. Nor is her internet blog a radio, television or motion picture. The statute is simply inapplicable to defendant's internet blog. These special protections for newspapers, magazines, other printed periodicals, radio and televisions broadcasting stations, and motion picture theaters date to 1955, long before the internet existed. In the 56 years since then, the Oregon legislature has not expanded the coverage of the retraction statute to internet bloggers like defendant. Unless and until it does so, internet bloggers like defendant cannot rely on the retraction statute to limit the damages of plaintiffs who have not followed the statutory procedures for seeking retractions from those entities that are subject to it.

## IV.    OREGON'S MEDIA SHIELD LAW IS NOT APPLICABLE TO THIS PROCEEDING

Defendant also seeks to rely on Oregon's Media Shield Law, ORS 44.510 *et seq.*, to avoid having to provide discovery or to testify in this matter. Defendant's reliance on the Media Shield Law is misplaced. First, she is not a media person entitled to the protections of the law in the first instance. Although defendant claims to be a journalist and investigative blogger, she is not affiliated with "any newspaper, magazine or other periodical, book, pamphlet, news service, wire service, news or feature syndicate, broadcast station or network, or cable television system." ORS 44.510(2). Second, and more importantly, even if she were otherwise entitled to the protections of the Media Shield Law, the protections of that law are simply inapplicable in this proceeding. Specifically, ORS 44.520(1) protects media persons from being compelled to testify or produce evidence. Significantly, however, ORS 44.530(3) specifically provides: "The provisions of ORS 44.520(1) do not apply with respect to the content or source of allegedly defamatory information, in civil action for defamation wherein the defendant asserts a defense

based on the content or source of such information." Throughout these proceedings defendant has asserted in one form or another defenses based on the source or content of the statements she has posted on the internet. Because this case is a civil action for defamation based on such statements, the protection against compelled testimony and production of evidence in the Media Shield Law has no application here.

DATED this 22nd day of November 2011.

TONKON TORP LLP

By: /s/ David S. Aman

Steven M. Wilker, OSB No. 911882
Direct Dial: 503.802.2040
Fax: 503.972.3740
E-Mail: steven.wilker@tonkon.com
David S. Aman, OSB No. 962106
Direct Dial: 503.802.2053
Fax: 503.972.3753
E-Mail: david.aman@tonkon.com

Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing **PLAINTIFFS' TRIAL MEMORANDUM** on:

> Crystal L. Cox
> PO Box 505
> Eureka, Montana 59917
> Crystal @CrystalCox.com
> savvybroker@yahoo.com

☑ by causing a copy thereof to be hand-delivered to said party at the U.S. Courthouse on November 28, 2011 as requested by the defendant.

☑ by causing a copy thereof to be e-mailed to said party at her last-known email address on the date set forth below;

DATED this 22nd day of November 2011.

TONKON TORP LLP

By */s/ David S. Aman*_____
    David S. Aman, OSB No. 962106
    Direct Dial: 503.802.2053
    Fax: 503.972.3753
    E-Mail: david.aman@tonkon.com
    Attorneys for Plaintiffs

033992/00010/3223656v1

PAGE 1 - CERTIFICATE OF SERVICE