Steven M. Wilker, OSB No. 911882
  Direct Dial:  503.802.2040
  Fax:  503.972.3740
  E-Mail:  steven.wilker@tonkon.com
David S. Aman, OSB No. 962106
  Direct Dial:  503.802.2053
  Fax:  503.972.3753
  E-Mail:  david.aman@tonkon.com
**TONKON TORP LLP**
1600 Pioneer Tower
888 S.W. Fifth Avenue
Portland, OR  97204

        Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

Portland Division

| | |
|---|---|
| **OBSIDIAN FINANCE GROUP, LLC and KEVIN D. PADRICK,** | |
| Plaintiffs, | Civil No. CV 11-0057 HZ |
| v. | **PLAINTIFFS' REQUESTED JURY INSTRUCTIONS** |
| **CRYSTAL COX,** | |
| Defendant. | |

Pursuant to Federal Rule of Civil Procedure 51 and Local Rule 51.1, plaintiffs Obsidian Finance Group, LLC and Kevin Padrick submit the following proposed jury instructions:

## INDEX OF INSTRUCTIONS

| Instruction No. | Ninth Circuit Manual of Model Jury Instructions | Description |
|---|---|---|
| 1. | 1.2 (modified) | Claims and Defenses |
| 2. | 1.3 | Burden of Proof-Preponderance of the Evidence |
| 3. | 1.6 | What is Evidence |
| 4. | 1.7 (modified) | What is Not Evidence |
| 5. | 1.8 | Evidence for Limited Purpose |
| 6. | 1.9 (modified) | Direct and Circumstantial Evidence |
| 7. | 1.10 | Ruling on Objections |
| 8. | 1.11 | Credibility of Witnesses |
| 9. | 1.12 (modified) | Conduct of the Jury |
| 10. | 1.13 | No Transcript Available to Jury |
| 11. | 1.14 | Taking Notes |
| 12. | 1.18 | Bench Conferences and Recesses |
| 13. | 1.19 | Outline of Trial |
| 14. | 2.11 | Expert Opinion |
| 15. | 1.1C | Duty of Jury (Court Reads and Provides Written Instructions at End of Case) |
| 16. | 3.1 | Duty to Deliberate |
| 17. | 3.2 | Communication with Court |
| 18. | 3.3 | Return of Verdict |
| Instruction No. | Oregon Uniform Civil Jury Instructions | Description |
| 19. | 53A.01 (modified) | Defamation Defined |
| 20. | 53A.04 (modified) | Defamation Elements |
| 21. | 53A.09 | Publish Defined |
| 22. | | Truth-Affirmative Defense |
| 23. | 53A.11 | Defamation Damages |

## JURY INSTRUCTION NO. 1

## CLAIMS AND DEFENSES

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

The plaintiffs claim that the defendant made a false and defamatory statement about the plaintiffs, namely that the plaintiffs engaged in tax fraud. The plaintiffs have the burden of proving their claim by a preponderance of the evidence.

The defendant admits that she made the statement, but denies plaintiffs' claim. Defendant contends that her statement about the plaintiffs was true and therefore that she is not liable for defamation. Defendant has the burden of proving by a preponderance of the evidence that the statement at issue is true.

Model Civ. Jury Instr. 9th Cir. § 1.2 (modified)

## JURY INSTRUCTION NO. 2

### BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE

When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

Model Civ. Jury Instr. 9th Cir. § 1.3 (modified)

## JURY INSTRUCTION NO. 3

## WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

1.    the sworn testimony of any witness;

2.    the exhibits which are received into evidence; and

3.    any facts to which the lawyers have agreed.

Model Civ. Jury Instr. 9th Cir. § 1.6

## JURY INSTRUCTION NO. 4

## WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1)     The defendant is representing herself in this case. She is not represented by a lawyer. Nevertheless, her statements are evidence only when she has taken the witness stand and is providing sworn testimony. Otherwise, her statements are not evidence. For purposes of these instructions, when I refer to a "lawyer" or "lawyers", the instruction includes the defendant other than when she is providing sworn testimony on the witness stand.

(2)     Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What the lawyers have said or will say in their opening statements, will say in their closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of the facts controls.

(3)     Questions and objections by lawyers or the defendant are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. The defendant may object under the rules of evidence as well. You should not be influenced by the objection or by the court's ruling on it.

(4)     Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition sometimes testimony

and exhibits are received only for a limited purpose; when I have given a limiting instruction, you must follow it.

(5)      Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.


Model Civ. Jury Instr. 9th Cir. § 1.7 (modified)

## JURY INSTRUCTION NO. 5

## EVIDENCE FOR LIMITED PURPOSE

Some evidence may be admitted for a limited purpose only.

When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

Model Civ. Jury Instr. 9th Cir. § 1.8

## JURY INSTRUCTION NO. 6

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned on garden hose, may provide a different explanation for the presence of water on the sidewalk. Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

Model Civ. Jury Instr. 9th Cir. § 1.9 (modified)

## JURY INSTRUCTION NO. 7

## RULING ON OBJECTIONS

There are rules of evidence that control what can be received into evidence.  When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, the question may be answered or the exhibit received.  If I sustain the objection, the question cannot be answered, and the exhibit cannot be received.  Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence.  That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

Model Civ. Jury Instr. 9th Cir. § 1.10

PAGE 8 – PLAINTIFFS' REQUESTED JURY INSTRUCTIONS

## JURY INSTRUCTION NO. 8

## CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.  Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case and any bias or prejudice;

(5) whether other evidence contradicted the witness's testimony;

(6) the reasonableness of the witness's testimony in light of all the evidence; and

(7) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

Model Civ. Jury Instr. 9th Cir. § 1.11

PAGE 9 – PLAINTIFFS' REQUESTED JURY INSTRUCTIONS

## JURY INSTRUCTION NO. 9

## CONDUCT OF THE JURY

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via e-mail, text messaging, or any Internet chat room, blog, Web site or other feature. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict:  do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address.  A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over.  If any juror is exposed to any outside information, please notify the court immediately.

Model Civ. Jury Instr. 9th Cir. § 1.12 (modified)

## JURY INSTRUCTION NO. 10

### NO TRANSCRIPT AVAILABLE TO JURY

During deliberations, you will have to make your decision based on what you recall of the evidence.  You will not have a transcript of the trial. I urge you to pay close attention to the testimony as it is given.

If at any time you cannot hear or see the testimony, evidence, questions or arguments, let me know so that I can correct the problem.

Model Civ. Jury Instr. 9th Cir. § 1.13

PAGE 12 – PLAINTIFFS' REQUESTED JURY INSTRUCTIONS

**JURY INSTRUCTION NO. 11**

**TAKING NOTES**

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you. When you leave, your notes should be left in the [courtroom] [jury room] [envelope in the jury room]. No one will read your notes. They will be destroyed at the conclusion of the case.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

Model Civ. Jury Instr. 9th Cir. § 1.14

## JURY INSTRUCTION NO. 12

## BENCH CONFERENCES AND RECESSES

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

Model Civ. Jury Instr. 9th Cir. § 1.18

## JURY INSTRUCTION NO. 13

## OUTLINE OF TRIAL

Trials proceed in the following way: First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

The plaintiff will then present evidence, and counsel for the defendant may cross-examine. Then the defendant may present evidence, and counsel for the plaintiff may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

Model Civ. Jury Instr. 9th Cir. § 1.19

**JURY INSTRUCTION NO. 14**

**EXPERT OPINION**

Some witnesses, because of education or experience, are permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony.  You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

Model Civ. Jury Instr. 9th Cir. § 2.11

## JURY INSTRUCTION NO. 15

### DUTY OF JURY (COURT READS AND PROVIDES WRITTEN INSTRUCTIONS AT END OF CASE)

Members of the Jury: Now that you have heard all of the evidence, it is my duty to instruct you as to the law of the case.

Each of you has received a copy of these instructions that you may take with you to the jury room to consult during your deliberations.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

Model Civ. Jury Instr. 9th Cir. § 1.1C

## JURY INSTRUCTION NO. 16

## DUTY TO DELIBERATE

When you begin your deliberations, you should elect one member of the jury as your presiding juror.  That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Model Civ. Jury Instr. 9th Cir. § 3.1

PAGE 18 – PLAINTIFFS' REQUESTED JURY INSTRUCTIONS

## JURY INSTRUCTION NO. 17

## COMMUNICATION WITH COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

Model Civ. Jury Instr. 9th Cir. § 3.2

PAGE 19 – PLAINTIFFS' REQUESTED JURY INSTRUCTIONS

**JURY INSTRUCTION NO. 18**

**RETURN OF VERDICT**

A verdict form has been prepared for you.  After you have reached unanimous agreement

on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it,

and advise the court that you are ready to return to the courtroom.

Model Civ. Jury Instr. 9th Cir. § 3.3

## JURY INSTRUCTION NO. 19

### *DEFAMATION* DEFINED

Defamation is a false communication of fact that tends to harm a person's reputation. The harm must lower the community's opinion of the person or deter someone from associating or dealing with that person.

The defamatory communication may be written (called libel) or oral (called slander).

The law of defamation protects corporate entities, including a limited liability company, from defamatory communications, just as it protects a private person.

UCJI No. 53A.01 (modified).

## JURY INSTRUCTION NO. 20

## DEFAMATION ELEMENTS

The plaintiffs claim that the defendant defamed them. This requires the plaintiffs to prove it is more likely true than not that:

(1)    The defendant communicated a fact about the plaintiffs;

(2)    What the defendant communicated was defamatory;

(3)    The defendant published the communication to a third person;

(4)    The third person reasonably understood both that the communication was about the plaintiffs and had a defamatory meaning; and

(5)    The defendant's communication damaged the plaintiffs.

UCJI No. 53A.04 (modified)

**JURY INSTRUCTION NO. 21**

***PUBLISH* DEFINED**

A defamatory communication is published if someone other than the person making the defamatory communication, or the person being defamed, heard or saw it.  It is not published if the communication was accidental.

UCJI No. 53A.09

## JURY INSTRUCTION NO. 22

## TRUTH – AFFIRMATIVE DEFENSE

If you find that one or both of the plaintiffs have proven all of the elements of defamation, then the defendant has the burden of proving by a preponderance of the evidence the truth of the defamatory statements she has made.  If the defendant fails to meet that burden of proof, then you must find in favor of the plaintiffs on the defamation claim.

*Philadelphia Newspapers, Inc. v. Hepps*, 475 U.S. 767, 770, 106 S. Ct. 1558 (1986); *see Harley-Davidson v. Markley*, 279 Or. 361, 374-75 (1979).

## JURY INSTRUCTION NO. 23

## DEFAMATION DAMAGES

If the plaintiff proves all elements of the claim, then you must decide whether the plaintiff has been damaged and, if so, the amount of actual damages. In determining the amount of plaintiff's actual damages, if any, consider each of the following:

(1)    Harm to plaintiff's property, business, trade, profession, or occupation.

(2)    Loss of plaintiff's earning capacity.

(3)    Harm to plaintiff's personal or business reputation.

(4)    Humiliation or mental suffering.

The plaintiffs are entitled to receive reasonable compensation for harm to reputation, humiliation, or mental suffering, even if the plaintiffs do not present evidence that proves actual damages. This is because the law presumes that the plaintiffs suffered these damages.

UCJI No. 53A.11

PAGE 25 – PLAINTIFFS' REQUESTED JURY INSTRUCTIONS

DATED this 22nd day of November 2011.


TONKON TORP LLP


By: /s/ David S. Aman
    Steven M. Wilker, OSB No. 911882
      Direct Dial:  503.802.2040
      Fax:  503.972.3740
      E-Mail:  steven.wilker@tonkon.com
    David S. Aman, OSB No. 962106
      Direct Dial:  503.802.2053
      Fax:  503.972.3753
      E-Mail:  david.aman@tonkon.com

    Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing **PLAINTIFFS' REQUESTED JURY INSTRUCTIONS** on:

> Crystal L. Cox
> PO Box 505
> Eureka, Montana 59917
> Crystal @CrystalCox.com
> savvybroker@yahoo.com

☑    by causing a copy thereof to be hand-delivered to said party at the U.S. Courthouse on November 28, 2011 as requested by the defendant.

☑    by causing a copy thereof to be e-mailed to said party at her last-known email address on the date set forth below;

DATED this 22nd day of November 2011.

TONKON TORP LLP

By /s/ David S. Aman
     David S. Aman, OSB No. 962106
     Direct Dial:  503.802.2053
     Fax:  503.972.3753
     E-Mail:  david.aman@tonkon.com
     Attorneys for Plaintiffs

033992/00010/3177601v1

PAGE 1 - CERTIFICATE OF SERVICE