Trial Memoranda - No. 3:11-CV-00057-HZ

### Claim of Defense: Oregon Retraction Statutes
Defendant, Cox claims that David Aman, Attorney for Plaintiff, as well as Plaintiff, Kevin Padrick and Obsidian Finance Group, did not ask her to remove the subject blog post that is the only blog post that is material fact of this trial and therefore, by law Defendant had no Remedy to this matter. Defendant claims that a retraction would have been prudent, as well as following Oregon Retraction Statute, ORS 30.150-30.175, as in Exhibit 503 and Exhibit 509, Claiming Defendant had no Remedy by Matter of Law to make things right.
Before Plaintiff filed a 10 Million Dollar Lawsuit.
**Exhibit 503 shows** according to Oregon Retraction Statute 31.215 showing that the Plaintiff was required to give Defendant notice of this exact blog post and two weeks to remove the post. Defendant claims that Plaintiff did not give any reason or request to remove subject blog post. Defendant claims she is therefore, by law immune from a defamation suit on subject blog post.
**Oregon's Retraction Statutes** are clear and provide that a Plaintiff may not recover damages which are not measurable by proof of a specific monetary loss, regarding that exact content and a retraction must, by law have been requested.

### Cases Retraction Statute Claim
"     Failure to allege that retraction had been requested of magazine publishers and refused by them, as required by this section, rendered complaint insufficient to constitute cause of action for general damages for libel. **Davidson v. Rogers, 281 Or 219, 574 P2d 624 (1978)**
         Condition of this section denying general damages unless retraction is demanded but not published does not violate Constitution, Article I, Section 10, which provides that every man shall have remedy by due course of law for injury done him. **Davidson v. Rogers, 281 Or 219, 574 P2d 624 (1978)**"

" When claim characterized as false light alleges facts that also constitute claim for defamation, plaintiff must seek retraction under this provision from defendant as prerequisite to bringing false light claim. **Magenis v. Fisher Broadcasting, Inc., 103 Or A pp 555, 798 P2d 1106 (1990)**"

In a case entitled **Schenck v. Oregon Television, Inc.**, the Oregon Court of Appeals recently decided that each time an allegedly defamatory statement is republished, the defamed person is allowed a two-week opportunity to demand retraction.

### Defense: Subject Blog Post was not in Original Complaint
**Defendant claims** that blog post was not in original complaint and was not part of the original action of this lawsuit stating a 10 million dollar loss due to the alleged defamation. Defendant was denied the right to a more definitive statement and thereby had no remedy or even an exact blog post in which to prepare a proper, legal response.

Subject Blog Post was not a material fact of this trial until 7-22-11, and Judge Hernandez made and Opinion on it 8-23-11, thereby denying Defendant due process and 60 days to file an Anti-Slapp motion to strike.

### Claim of Defense: Media, Journalist Rights Shield Laws and Anti-Slapp Laws

Defendant Claims that as "media", an Online journalist that she, defendant is Insulated from Defamation Lawsuits. **Exhibit 501 shows the** Legal Definition of Media and **Exhibit 502 shows** Oregon Shield Laws, Defendant's legal reasons for this claim of defense.

Defendant Blogs for a Living.  Defendant is legally defined as Media, this is what Defendant does professionally, and therefore Shield Laws provide protection.  Therefore Defendant's source is also protected under Oregon Shield Laws, Exhibit 502.  Defendant also claims as in Exhibit 502 that the information she gathers is protected under Oregon Shield Laws.

Defendant Gathers Information and Disseminates this information to the public. The information that Defendant posts is true to the best of her knowledge, and without actual intention of any kind to intentionally harm Plaintiff.

Oregon Shield Law, ORS 44.510 through ORS 44.540, Exhibit 502, provides protection for reporters, investigative journalists and others against compelled testimony, production of evidence and searches.

Defendant is Legally Defined as Media and by Law is protected as to the source of information posted on that media, and the statutes protect defendant as a reporter from being compelled to disclose: (1) a source of information obtained in the course of work, regardless of whether the information has been published; and (2) unpublished information obtained or gathered in the course of work.

Defendant as a Reporter, is also protected, by law, from searches of her papers, effects or work premises, emails, unless there is probable cause to believe the reporter has committed, is committing or is about to commit a crime.

The protection provided under Shield Laws is not limited to situations where a relationship or pledge of confidentiality exists. The protection is not lost if the reporter: (1) disclosed the information, source or related information elsewhere; or (2) ceases to be connected with, employed by or engaged in a medium of public communication.

**Also as legally defined "media", the Defendant claims Oregon Anti-Slapp Laws as a defense as show in Exhibit 504**  - Oregon Anti-Slapp Laws, Oregon Revised Statutes 31.150-31.155

The purpose of the statutes such as has been described as the **"protection of individuals from meritless, harassing lawsuits whose purpose is to chill protected expression."** Though defendant is somehow discriminated against as pro se and not filing in time, Defendant claims this law applies and that Defendant is media and that the issue of this blog post is of public interest, and is about a Public Figure, and is on a public forum.  Plaintiff is a Trustee in a Federal Bankruptcy Proceeding over 40 Million Dollars, with over 100 victims in multiple states. Defendant claims that Plaintiff has no merit having filed a defamation lawsuit regarding defendant and this one post in which defendant is currently on post for.

**Exhibit 508 shows the** HIGHER BALANCE, LLC v. QUANTUM FUTURE GROUP, INC. Oregon Civil Case No. 08-233-HA.  Defendant Claims that this Case is similar to hers and out of the same court and had the same original judge.  This claim involved Free Speech

Issue, Defendants' motions in that case invoke Oregon's "Anti-Strategic Lawsuit Against Public Participation" (Anti-SLAPP) statutes, and it involves an issue of public interest as does my blog post. As in the Quantum Case, Exhibit 508, the burden is on the Plaintiff to prove actual malice, and to support a "prima facie case". And therfore defendant's case should have been dismissed early on without prejudice.

In **Higher Balance LLC v. Quantum Future,** in this same Oregon Court, this case was dismissed due to Oregon Anti-Slapp Statute O.R.S. 31.150 - 31.155. The purpose of Anti-Slapp Laws being to protect individuals from meritless, harassing lawsuits whose purpose is to chill protected expresses. Defendant claimed Anti-Slapp as her defense in here original response to the orginal complaint. Plaintiff added the subject post, shown in Exhibit 520 after defendant responded to Original Complaint, therefore defendant is in the 60 days for this post, in her claiming of Anti-Slapp as a defense, yet defendant was denied Anti-Slapp protection.

**Defendant was denied the use of Anti-Slapp** laws, as Pro Se Defendant Cox, seemingly did not file a Motion to Strike based on Anti-Slapp Laws in Oregon in a timely manner, yet Defendant did state Anti-Slapp laws in her complaint response. Defendant still claims that she should have been allowed by this court to file a Motion based on Anti-Slapp Laws.

Plaintiff filed the Original Complaint in this Case on January 14th 2011. Defendant received Plaintiff's Complaint on **January 28th, 2011.** The last sentence of this complaint stated defendant must file an "answer" or "motion" with this court. Defendant filed an "answer" after first, requesting a more Definite Statement dated **4-11-2011,** for the purpose of requesting that the Courts make the Plaintiff define what exact posts that plaintiff was referring to in the broad and vague Original Complaint stating many general reasons as to why Plaintiff felt that Defendant had caused Plaintiff 10 Million Dollars in damages. **Defendant was denied the request** asking the courts for Plaintiff to provide exact posts so defendant could answer as to the source, and reasons behind the exact posts.

Defendant could not answer the Original Complaint, as it was vague and ambigous, and no exact blog posts were quoted as an issue in order for defendant to prepare and serve a thorough, effective response. Denial of the request for a more defendant's Definite Statement dated 4-11-2011, was on 5-19-2011.

In the meantime Defendant had not yet got a response to her request for a more Definite Statement dated 4-11-2011, and on 4-27-2011 Plaintiff filed a request for a Summary Judgement. Therefore even though Defendant Cox had not yet got a ruling on her Request for a more Definite Statement, she responsded to the Original Complaint that Plaintiff filed, her was response was dated on 5-4-201. Defendant claims that the filing of the Request for a more Definite Statement, should have stalled the Anti-Slapp rules as Plaintiff did not provide an exact post in that original complaint.

Defendant first mentioned Anti-Slapp as a Defense in her May 2nd 2011 "Response To Kevin Padrick, Obsidian Finance LLC Complaint". Which was Defendant's response to the vague and ambiguos Original Complaint. In this Response Plaintiff mentioned the Quantum case in this same court and that she requested that she be protected under Anti-Slapp Laws. Defendant was denied.

Plaintiff's attorney and Judge Hernandes claim that defendant cannot use Anti-Slap as a Defense, because she did not claim Anti-Slapp laws as a defense in the first 60 days after she was served. However defendant was not served a complaint on the subject post, Exhibit 520, and therefore should have been allowed, by matter of law 60 days after this post became the material fact of this post, defendant claims she had 60 days after she was made aware that Exhibit 520, the subject post, was introduced into this case, which was not in the original complaint.

Defendant claims she was **denied due process** on this exact post. Defendant claims that Judge Hernandez ruled an Opinion on this post on 8-23-2011, the exact blog post was introduced as a material fact on 7-22-2011, 6 months after defendant requested exact posts, and therefore defendant was denied the 60 day period to file a Motion for Strike based on Anti-Slapp laws for this post and therefore was denied due process.

The subject post that defendant is on trial for was not introduced into this trial until, 7-22-2011 when Plaintiff filed an "Opposition to Sua Sponte SJ", In their July 22nd, 2011 Opposition Memorandum plaintiff submitted sixteen previously unsubmitted blog entries" , therefore Defendant did request that Anti-Slapp Laws be used in her defense within that 60 day period, in fact months before this. Defendant was Denied. The post that defendant is on trial for **was introduced July 22nd 2011,** Judge Hernandez made a decision on that post by August 23th, defendant did not even have 60 days to respond to that exact post.
Therefore defendant claims Plaintiff was seemingly favored, and Defendant again pleads to use Anti-Slapp as a Defense also.


### Claims of Defense: Defendant did not have Actual Malice

**Defendant Claims that she did not have Actual Malice as a defense.  Exhibit 505 and 509 show information on Actual Malice.**

Defendant Did not post subject Blog Post with Actual Malice or with any disregard for the Truth. Defendant Fully Believes information in post to be true, and without the proof of actual malice, Defendant is Immune from a Defamation Lawsuit regarding this post

Defendant did not have "Actual Malice" in any way in the subject blog posting.

Actual malice involves a subjective inquiry into the Defendant's intent, specifically, whether Defendant knew that her alleged defamatory statement were false or that the Defendant had recklessly disregarded the possibility of its falsity. Defendant had no such knowledge.

Plaintiff must prove by clear and convincing evidence that the defendant acted with knowledge of the statement's falsity or in reckless disregard of the statement's truth or falsity.

To show that the defendant recklessly disregarded the truth or falsity of this blog post, this published material, plaintiff must show that the defendant entertained serious doubts as to the truth of the publication, the blog post. A defendant's failure to make a prior investigation into the accuracy of published statements does not, by itself, constitute actual malice. Neither does a defendant's incorrect usage of a key term, pronoun, phrase or word whose meaning is reasonably disputed.

Also Defendant's Claim of Defense in this Regard is based on the fact that as a Bankruptcy Trustee in a Federal Bankruptcy Case answering directly to the Department of Justice Trustee, Plaintiff is a Public Figure and Defendant's post was in regard to Plaintiff as a Public Figure in matters that affect the public and was on a public forum. And therefore, by law, as a Public Figure, Plaintiff has the burden of proof, with clear and convincing clarity by law, and has to also proof that Defendant had actual malice.  Defendant states that she in no way had actual malice in posting this blog post.

A public figure must show "actual malice"—that you published with either knowledge of falsity or in reckless disregard for the truth, by Law.


A public figure is someone who has actively sought, in a given matter of public interest, to influence the resolution of the matter. In addition to the obvious public figures—a government employee, a senator, a presidential candidate—someone may be a limited-purpose public figure. A limited-purpose public figure is one who (a) voluntarily participates in a discussion about a public controversy, and (b) has access to the media to get his or her own view across. One can also be an involuntary limited-purpose public figure—for example, an air traffic controller on duty at time of fatal crash was held to be an involuntary, limited-purpose public figure, due to his role in a major public occurrence.

This provision has been applied to posting on an online message board, Colt v. Freedom Communications, Inc., and would likely also be applied to blogs. The California privilege also extends to fair and true reports of public meetings, if the publication of the matter complained of was for the public benefit.

The "actual malice" standard was laid down in **New York Times v. Sullivan**, 376 U.S. 254 (1964). In that case, the Supreme Court held that the First Amendment required that a public official libel plaintiff must establish, through clear and convincing evidence, that the defendant acted out of "actual malice.".  Defendant claims that Obsidian Finance Group and Kevin Padrick were acting in a "Public Official" capacity.

### Case to Substantiate Actual Malice Claim as a Defense
**New York Times Co. v. Sullivan**, 376 U.S. 254 (1964),[ 1] was a US Supreme Court case, Exhibit 505, which established that the actual malice standard which has to be met before press reports about public officials or public figures can be considered to be defamation and libel.
In the New York Times Co. v. Sullivan Case, Exhibit 505, the Supreme Court held that state defamation laws violated the First and Fourteenth Amendment to the US Constitution unless it required all public officer plaintiffs to establish with **"convincing clarity"** or by "clear and convincing proof" that defendants had acted with "Actual Malice".

In Obsidian v. Cox, the Plaintiff is a Public Figure, as a Trustee in a Federal Bankruptcy Proceeding answering directly to the Department of Justice,  and therefore as a Public Figure, Kevin Padrick, Obsidian Finance Group must prove **with "convincing clarity"** or by "clear and convincing proof" that defendant Cox had acted with "Actual Malice"

As you will see in the very detailed Exhibit 520, which is a statement of the source of the blog post,  that defendant did not have "Actual Malice" in posting the blog post she is on trial for, and in fact Exhibit 520 shows in great detail the sources of the Defendant's information and reasoning behind the information in the subject post.  Defendant in no way acted with Actual

Malice and posted that blog post in good faith believing the sources she used as information for this post. Defendant had never been given information to the contrary on anything in that post being inaccurate.  Nor was Defendant asked to remove anything on that post or change any of the posts financial or other details.
Crystal Cox, Defendant did act in good faith in the writing of that exact blog post in the coverage of events surrounding a Federal Bankruptcy Proceeding and persons that are of public interest, which is Kevin Padrick, Obsidian Finance Group in the temporary capacity of public figure as a Bankruptcy Trustee.

Actual Malice is defined as action **"with knowledge that it was false or with reckless disregard of whether it was false or not."** Defendant Investigative Blogger Crystal L. Cox posted the subject blog post in good faith and with fully believe its content to be true, and used sources online that were deemed reputable, professional, qualified sources.

Also in New York Times V. Sullivan, as seen in Exhibit 505 it was held that under the First and Fourteenth Amendments, a State cannot award damages to a public official for defamatory falsehood relating to his official conduct unless he proves "actual malice" that the statements were made with full knowledge that they were false or with reckless disregard.

### Claim of Defense: First Amendment
**As in Exhibit 506 Defendant claims the** First Amendment of the US Constitution as her defense as well.  Defendant believes she is protected under the First Amendment and Freedom of Speech.

### Claim of Defense: Fourteenth Amendment
**As shown in Exhibit 507,** 14th Amendment of the US Constitution, Defendant claims that she has a right to equal protection and due process.  Defendant was denied this right as Plaintiff did not follow Civil Codes and ask, demand that the blog post she is on trial for be retracted, removed or changed.  The 14th Amendment provides Equal Protection with no discrimination

Also in Certain instances a Judge has had to recuse himself on account of concern of there being a conflict of interest.  For example, in Caperton v. A.T. Massey Coal Co. (2009) the Court ruled that a justice of the Supreme Court of Appeals of West Virginia had to recuse himself from a case involving a major contributor to his campaign for election to that court.

The Due Process Clause has been used to apply most of the Bill of Rights to the states. Defendant claims she was denied equality and due process in being given no chance to remove subject blog post before being sued for defamation.  Defendant is not claiming that the Judge in this case has a conflict of interest of any kind, however Defendant has asked Judge to sign a form swearing there is no conflict of interest and Defendant was denied this right. Defendant, means no disrespect to this court, however Defendant still requests a Conflict of Interest form signed by the Judge in this case, for the Record.

### Claim of Defense:  Absolute Privilege
Exhibit 510 is a Judicial Proceeding Case No. 08-37031 rld11  Titled, **"Objection to Attorney and Professional Fees of Obsidian Finance Group LLC, Trustee, Kevin Padrick; and Tonkon Torp LLC and Written Request for a Hearing".** Exhibit 510 shows that this Judicial Proceeding contains information that is the main source of the subject post.  Defendant linked to the blog Summit1031bkJustice.com at the bottom of the subject post, that blog is based on this same Judicial Proceeding.

Defendant Claims Judicial Proceeding **Judicial Proceeding Case No. 08-37031 rld11** as main source of her blog post and therefore has provided courts with a copy of this judicial proceeding as well as Exhibit 510, in which discuss capital gains, rejected offers, deferred gains and other details in defendants blog post .

Defendant claims that she has Absolute Privilege in this case as her source is mainly surrounding the information in **Judicial Proceeding** Case No. 08-37031 rld11
Defendant Claims that  based on this case, provided to her by Judge Hernandez in this case as to the dismissal of Defendant's Counterclaims, "" Wallulis v. Dymowski, 323 Or. 337, 348, 918 P.2d 755, 761 (1996) (statements made in judicial proceedings are absolutely privileged); Wollam v. Brandt, 154 Or. App. 156, 162 n.5, 961 P.2d 219, 222 n. 5 (1998) (absolute privilege applies not only to defamation action, but "to any tort action based on statements made in connection with a judicial proceeding"). "" Defendant was blogging on a judicial proceeding and therefore is immune to a defamation lawsuit over these writings.

Defendant is claiming that it is a matter of law that 3rd party blogs are immune from defamation lawsuits.  Defendant's main source for this blog post was the blog www.Summit1031BkJustice.com in which is about the **Judicial Proceeding Case No. 08-37031 rld11** and surrounding events, and was linked at the bottom of the subject post.

Defendant Claims that a Reader reading the subject blog post would have seen the blog post right next to the subject post as shown in  (Exhibit 512 ) and this post obviously had more context, more information, and more links to the story and to source information. Also defendant claims that this blog post, Exhibit 512 has links to other blog posts, Exhibit 529, a blog post on Chapter11Trustee.com,  that also give context to the subject post. And also gave more source information regarding the post and deferred gain in particular.

Defendant claims that a reasonable reader would have looked to the blog linked at the bottom of the subject post for more information on that topic.  See Exhibit 520 for Detailed Source information for the blog post that defendant is on trial for.

Exhibit 513 shows more posts on BankruptcyCorruption.com to give more context to the reading of this blog, and the overall tone and that the reader would understand the tone is to ask questions, promote other people's story and gather more stories, in hopes to uncover corruption in the bankruptcy courts.

Defendant claims that subject blog post was on ObsidianFinanceSucks.com the day before, December 24th 2011, before it was posted on subject blog post as seen in Exhibit 516, and therefore should be judged the same way as Freedom of Speech.

Exhibit 517 shows the Summit Press Release in which was in the blog post right next to the subject post and talks of some of the same things as the subject blog post
**Exhibit 518** is a blog post from  ObsidianFinanceSucks.com showing post with Summit Letter and similar content as BankruptcyCorruption.com

**Exhibit 520** shows a detailed statement of Defendant's source of the blog that is still material fact in this case.

**Exhibit 531** shows excerpt from Mark Neuman Summit Principal's  Deposition

8

as Posted on Summit1031bkJustice.com Blog. Defendant Claims that information in her blog post can also be found in the deposition of one of the Summit 1031 Principals ( Owner of the Company that Went Bankrupt), Defendant Claims that this deposition is part of public records and talks of some of the same details as that post, as you see in detail in Exhibit 520, which is my detailed source of the blog post that is material fact in this case.

**Exhibit 522 - Century Drive Mobile - Deferred Gain Sheet**
Defendant Claims she Linked to Summit Blog (Summit1031bkJustice.com) at the bottom of the post defendant is on trial for, Exhibit ( 522) discusses Century Drive Mobile and the issue of deferred gain as defendant spoke of in blog post Defendant is on trial for
http://www.summit1031bkjustice.com/wp-content/uploads/2009/08/CenturyDriveMobile-DeferredGainSheet.pdf

**Exhibit 523 - Email from Attorney Robert Opera to David Aman Tonkon Torp discussing the issues at the time and future tax consequence. This email is of public record in a Judicial Proceeding, Exhibit 510.**
Defendant claims that the blog she listed as more information at the bottom of her post also contains this email, ( Exhibit 523 ) which discusses "power play" and rejecting offers, exceeding duties as a trustee, the Trustee (Plaintiff) ignoring real estate offers to the detriment of creditors, the Trustee (Plaintiff)'s blatant disregard to the rights of those involved, and this discusses that the Trustee (Plaintiff) plaintiff acted outside of the Bankruptcy Courts comments.  Defendant claims that she got information on that post from her years of writing on this subject and documents within the blog in which she, defendant linked to for more information at the bottom of the blog post that is Material Fact in this case.

**Exhibit 524 -** The **Interrogatory Request** whereby I asked David Aman Attorney for Plaintiff to produce tax document to prove the deferred gain was paid.

Exhibit 515 shows post on BankruptcyCorruption.com by Stephanie DeYoung in which suggests questions of Deferred Gain Issues.

Defendant Claims that Videos online of Oregon CPA Stephanie Deyoung in her Depostion and her discussing the Summit Bankruptcy, Defendant used this as a source to formulate her opinion and to write on the Summit 1031 Bankruptcy.  These Videos are still on YouTube as of this Date and are open to the Public, here in Exhibit 536

The Posts on BankruptcyCorruption.com are also on ObsidianFinanceSucks.com.  Defendant claims that her writing style is consistent throughout here large blog network regardless of the domain name the blog is on and regardless of the name of the blog, the reader would also note that defendant linked to ObsidianFinanceSucks.com and would assume that these blogs were somehow connected in the posting of similar if not the exact same information.  In fact the post that Defendant is on Trial for was on ObsidianFinanceSucks.com. the day before as proven by Exhibit 516.  It is the habit of Defendant to post the Same Blog Post on several of her blogs, without regard to the exact name of the blog.

**Claim of Defense Exhibit 525** - Excerpts from Summit1031BkJustice.com
Defendant Claims that Blog she links to at the bottom of her post shows insider emails, tax documents, contracts, videos, deferred gain sheets, and more details of this case in which she used as a reference for the blog post she is on trial for.  Exhibit 525 shows some of this site and

9

also suggests illegal activity, and talks of the replacing of the CRO in order for Kevin Padrick to have the job he got as the Trustee in the Summit Bankruptcy. Exhibit 525 also has links to court audios, billing records, and discusses the way that Kevin Padrick seemed to trick the Summit Principals into giving him information.  Defendant listed this blog for more information on the topic of discussion in the post she is on Trial For.

**Exhibit 526** - Alleged False Statements of Trustee Kevin Padrick
Defendant Claims that blog she linked to for more information has suggests alleged false statements made by Kevin Padrick in which Defendant read and formed her own opinion. See Exhibit 526 for an Example of This.

**Exhibit 527 -** Contract Original Contract Between Obsidian Finance Group and Summit
Defendant Claims that this contract, which is on the blog she linked to in subject post, that this contract shows that Obsidian Finance worked for Summit before Obsidian Finance, Kevin Padrick Got the Trustee Job, which is topics of this post.

Defendant Claims that she has no reason to believe the blog post is defamatory.  Defendant has been given no information or prove that this blog post is untrue in any way.  Defendant claims that the blog she linked to at the bottom of the post has lots of links, pdf documents, court filings, videos and information that she used to formulate her words of that post, along with commentary and opinion as is the nature of a blog.

I, Defendant, am an Online Journalist, this is not more story nor does it involve me personally or financially.  I, Defendant simply reported on the story as I read it on other blogs, in depositions and judicial proceedings.

Defendant claims that the Dr. Darm v. Tiffany Craig Case is similar and admits as Exhibit 538.  As Defendant's blog is a matter of public interest but within a public forum
Exhibit 519 shows original, and only, cease and desist from Plaintiff's attorney which does not mention the subject blog post I am on trial for.