Crystal L. Cox
Investigative Blogger
Pro Se Defendant
**Oregon Civil No. CV 11-0057 HZ**

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
Portland Division

OBSIDIAN FINANCE GROUP, LLC and
KEVIN D. PADRICK,                              Plaintiffs

**Civil No. CV 11-0057 HZ**

Motion to Move Courts to Request Plaintiff Attorney to Stick to the Material Facts.

Pro Se Defendant Crystal L. Cox moves this court to strictly enforce that Plaintiff Attorney David Aman, Tonkon Torp law firm stick to the Material Facts of this Case.

David Aman is excusing Pro Se Defendant of a Crime, and Pro Se Defendant Crystal L. Cox moves this court to order Mr. Aman to Stop with any all actions of this kind. Unless Mr. Aman files a Criminal Complaint and Pro Se Defendant Crystal L. Cox is given a Criminal Attorney.

David Aman, Plaintiff attorney is attempting to discredit Pro Se Defendant Cox, as a tactic to win this Trial.  David Aman, in doing so is inciting hate among others to purposely instill fear in Plaintiff. This criminal activity accusation has nothing to do with the Material Facts of this Case.

Pro Se Defendant Crystal L. Cox moves this court to give notice to Plaintiff that Pro Se Defendant Crystal L. Cox intends to file a Federal Hate Crime, as she is a protected class and Defendant also intends to file Complaints with the State Bar as well as the Portland FBI, and Portland police in regard to Mr. Aman's accusations of Criminal activity in which he got information from several who intend physical and economical harm to Pro Se Defendant Crystal Cox, and in this has further endangered her life and conspired with others to harass and intimidate Defendant Cox.

With this Mr. Aman, Plaintiff Attorney should note that any action taken in this case will be used in further cases, criminal complaints and lawsuits and Plaintiff Attorney is advised to stick to the material facts of this case and to not accuse Defendant of a crime without giving defendant legal rights within the criminal justice system.
Plaintiff attorney should take note that all actions in this case, phone records, emails and such that endanger the life of Defendant Cox or her livlihood will be part of a Criminal investigation. And that regardless of the outcome of this trial, Defendant Cox intends to file a complaint with the Department of Justice, the IRS, the FBI and the SEC as to her knowledge of the Summit Bankruptcy proceedings in the hopes of a Federal Investigation of ALL activities surrounding

the events of this bankruptcy. In which Defendant Crystal Cox has reason to believe there were violations of Bankruptcy Laws and serious Conflicts of Interest in which involved top attorneys at Tonkon Torp Law Firm as well as Plaintiff.

Plaintiff's Attorney should take note that Mr. Kevin Padrick was appointed by a Federal Judge in his capacity as Trustee and answers directly to the Department of Justice and in fact is legally a temporary Public Figure in this Capacity.

Plaintiff's Attorney should take note that accusing defendant of a crime is not constitutional or lawful and has harmed Defendant's primary income as an Investigative Blogger, Media. Defendant intends to file a future Defamation Lawsuit against David Aman personally and Tonkon Torp for this activity and for conspiring to harm defendant.

This Trial is about defamation regarding ONE blog post.  Pro Se Defendant Crystal L. Cox will not answer any deposition questions outside of the Material Facts of this case, that is her legal, lawful, and constitutional right.

Pro Se Defendant Crystal L. Cox moves this court to remind Plaintiff's attorney that Defendant was granted a Summary Judgement on ObsidianFinanceSucks.com and that ALL blog posts from that blog used in this trial to discredit Defendant is in poor taste, unlawful and is not based on the material facts of this case.

Pro Se Defendant Crystal L. Cox moves this court to give notice to Plaintiff that his actions of conspiring with haters to instill fear in defendant will not be tolerated and accusing defendant of this crime in fact comes from what Defendants Stalker gave to Plaintiff's Attorney David Aman to suggest I was guilty of a crime in which I am not guilty of nor am I, Defendant Crystal L. Cox on Trial for.

Pro Se Defendant Crystal L. Cox moves this court yet again to understand that defendant has been under extreme duress by Plaintiff's attorney David Aman, and has feared for her life and livlihood and that defendant had researched the laws to the best of her ability and did not feel it was against any law to not attend a deposition in which Plaintiff's Attorney ordered her to go to just days before and defendant had an important engagement.  Also Defendant moves this court to consider the fact that Defendant feared for her life, as she thought Mr. Aman would have Sean Boushie and Gary Crandall and possibly others at this same Montana Deposition address, and therefore Defendant waited for a court order for her deposition feeling she would have more control and safety.  Therefore it is Unlawful, Unconstitutional to make Defendant pay the fees of Mr. Aman in this Deposition under Duress that was not served properly and was not in good faith.

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing Memorandum to the
**Motion to Move the Courts**

to Plaintiff Attorney David Aman, Tonkon Torp
 At the Following Email Addresses
on November  25th, 2011:

**To:**

mary.costanzo@tonkon.com

david.aman@tonkon.com

steven.wilker@tonkon.com

And to the Oregon Courts and Electronic Filing
at Email: Michelle_Rawson@ord.uscourts.gov