IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

OBSIDIAN FINANCE GROUP, LLC
and KEVIN D. PADRICK,

                Plaintiffs,

    v.

CRYSTAL COX,

                Defendant.

No. CV-11-57-HZ

JURY INSTRUCTIONS

1 - JURY INSTRUCTIONS

Instructions on your Duties

Ladies and gentlemen: You are now the jury in this case. It is my duty to instruct you on the law.

It is your duty to find the facts from all the evidence in the case. You must follow the law as I give it to you whether you agree with it or not. You must not be influenced by your own likes or dislikes, opinions, prejudices, sympathy or public opinion. They have no place in your deliberations, for all parties are equal before the law. Likewise, do not decide this case on guess work, conjecture, or speculation.

This means that you must decide the case solely on the evidence before you and according to the law. You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. And you must not read into these instructions or into anything I may have said or done during the trial, any suggestion as to what verdict you should return--that is a matter entirely for you to decide.

You may use your notes taken during the trial to assist your memory. Notes, however, should not be a substitute for your memory and you should not be overly influenced by them. Keep in mind that each party is entitled to the considered decision of each juror. Therefore you should not give undue weight to another juror's notes if those notes conflict with your recollection of the evidence.

2 - JURY INSTRUCTIONS

Burden of Proof

When a party has the burden of proof on any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not.

You should base your decision on all of the evidence, regardless of which party presented it.

3 - JURY INSTRUCTIONS

What is Evidence

    The evidence you are to consider in deciding what the facts are consists of:

1.     The sworn testimony of any witness;

2.     The exhibits which are received into evidence; and

3.     Any facts to which the lawyers have agreed.

What is Not Evidence

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

1. Defendant is representing herself in this case. She is not represented by a lawyer. Her statements are evidence only when she speaks as a witness, providing sworn testimony. Otherwise, her statements are not evidence. For purposes of these instructions, when I refer to a "lawyer" or "lawyers," the instruction includes the defendant except when she is providing sworn testimony as a witness.

2. Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

3. Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

4. Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition sometimes testimony and exhibits are received only for a limited purpose; when I have given a limiting instruction, you must follow it.

5 - JURY INSTRUCTIONS

5. Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

6 - JURY INSTRUCTIONS

Credibility of Witnesses

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

1. The opportunity and ability of the witness to see or hear or know the things testified to;

2. The witness's memory;

3. The witness's manner while testifying;

4. The witness's interest in the outcome of the case and any bias or prejudice;

5. Whether other evidence contradicted the witness's testimony;

6. The reasonableness of the witness's testimony in light of all the evidence; and

7. Any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

7 - JURY INSTRUCTIONS

Expert Opinion

Some witnesses, because of education or experience, are permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

8 - JURY INSTRUCTIONS

Defamation Defined

Defamation is a false communication of fact that tends to harm a person's reputation. The harm must lower the community's opinion of the person or deter someone from associating or dealing with that person.

The defamatory communication may be written (called libel) or oral (called slander).

The law of defamation protects corporate entities, including a limited liability company, from defamatory communications, just as it protects a private person.

9 - JURY INSTRUCTIONS

Defamation - Elements of the Claim

The plaintiffs claim that the defendant defamed them. This requires the plaintiffs to prove it is more likely true than not that:

1. The defendant communicated a fact about the plaintiffs;

2. What the defendant communicated was false and defamatory;

3. The defendant published the communication to a third person;

4. The third person reasonably understood both that the communication was about the plaintiffs and had a defamatory meaning; and

5. The defendant's communication damaged the plaintiffs.

Defamation - Knowledge & Intent

Defendant's knowledge of whether the statements at issue were true or false, and defendant's intent or purpose in publishing those statements, are not elements of the claim and are not relevant to a determination of liability.

11 - JURY INSTRUCTIONS

Defamation - Published Defined

      A defamatory communication is published if someone other than the person making the defamatory communication, or the person being defamed, heard or saw it. It is not published if the communication was accidental.

12 - JURY INSTRUCTIONS

Damages

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If the plaintiffs prove all elements of their claim, then you must decide whether the plaintiffs have been damaged and if so, the amount of actual damages. In determining the amount of the plaintiffs' actual damages, if any, consider each of the following:

1. Harm to the plaintiffs' property, business, trade, profession, or occupation;

2. Loss of plaintiffs' earning capacity;

3. Harm to plaintiffs' personal or business reputation;

4. Humiliation or mental suffering.

The plaintiffs are entitled to receive reasonable compensation for harm to reputation, humiliation, or mental suffering, even if plaintiff does not present evidence that proves actual damages. This is because the law presumes that the plaintiffs suffered these damages.

13 - JURY INSTRUCTIONS

Deliberations

Upon returning to the jury room, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court. The presiding juror presides over the deliberations and votes, but has no greater weight or voice than any other juror. After selecting your presiding juror, deliberate until you reach your verdict. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

A special verdict form has been prepared for your convenience. You will take this form into the jury room.

(Special Verdict Form is read)

You will note that there are questions. The answer to each question must be the unanimous answer of the jury. Your presiding juror will write the unanimous answer of the jury in the spaces provided opposite each question. All jurors should participate in all deliberations and vote on each question.

The presiding juror will then date and sign the special verdict form as completed and you

14 - JURY INSTRUCTIONS

will advise the bailiff outside your door that you are ready to return to the courtroom. Court will then be reconvened and your verdict will be received.

Your verdict must be based solely on the evidence and on the law as I have given it to you in these instructions. Nothing that I have said or done is intended to suggest what your verdict should be - that is entirely for you to decide.

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing. Until you have reached your verdict, I will only communicate with jury members on anything concerning the case either in writing, or orally here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone--including me--how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.