IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

OBSIDIAN FINANCE GROUP, LLC, and
KEVIN D. PADRICK,                                         No. CV-11-57-HZ

                        Plaintiffs,

            v.                                                   ORDER

CRYSTAL COX,

                        Defendant.

Steven M Wilker
David S. Aman
TONKON TORP LLP
1600 Pioneer Tower
888 S.W. Fifth Avenue
Portland, Oregon 97204

            Attorneys for Plaintiffs


/ / /

/ / /


1 - ORDER

Benjamin N. Souede
ANGELI LAW GROUP LLC
121 SW Morrison Street, Suite 400
Portland, OR 97204

Eugene Volokh
MAYER BROWN, LLP
UCLA School of Law
405 Hilgard Ave
Los Angeles, CA 90095

       Attorneys for Defendant

HERNANDEZ, District Judge:

       In this defamation case, plaintiffs Obsidian Finance Group, LLC and Kevin Padrick sought sanctions in the form of attorney's fees and costs, against defendant for defendant's failure to appear at a noticed deposition.  In a November 2, 2011 Minute Order, I granted plaintiff's motion, stating that I would determine the actual amount of the sanction after the November 29, 2011 trial.  Following the entry of Judgment, plaintiffs renewed their motion.  I grant the motion in part.

BACKGROUND

       In an August 30, 2011 telephone scheduling conference, I set a discovery closing date of October 15, 2011.  On September 6, 2011, plaintiffs' counsel David Aman emailed defendant regarding her availability for her deposition on October 12, 13, or 14th, 2011.  Oct. 14, 2011 Aman Decl. at ¶ 3; Ex. 2 to Oct. 14, 2011 Aman Decl.; Local Civ. Rule 30-2 (requiring counsel to confer regarding mutually agreeable deposition date before sending deposition notice).  With one exception noted below, plaintiffs used two email addresses for defendant on all emails.  Id.[1]

---

    [1]  One address was "crystal@crystalcox.com" and the other was "savvybroker@yahoo.com".  Both of these email addresses appear in the Court's docket sheet as

At the time, defendant was representing herself.[2]  According to Aman, defendant did not respond to the email inquiry.  Oct. 14, 2011 Aman Decl. at ¶ 3.

Aman states that he left a voicemail for defendant on September 7, 2011, regarding his attempt to confer with defendant about a motion to dismiss counterclaims plaintiffs were preparing to file, and to follow-up on the previous day's email regarding the deposition.  Oct. 14, 2011 Aman Decl. at ¶ 4.  Defendant did not respond.  Id.

On September 8, 2011, Aman emailed defendant about the motion to dismiss.  Oct. 14, 2011 Aman Decl. at ¶ 5; Ex. 3 to Oct. 14, 2011 Aman Decl.  Defendant did not respond.  Oct. 14, 2011 Aman Decl. at ¶ 5.

On September 12, 2011, plaintiffs served defendant by mail and email with a Notice of Deposition for October 12, 2011.  Oct. 14, 2011 Aman Decl. at ¶ 6; Ex. 4 to Oct. 14, 2011 Aman Decl.[3]  The deposition was scheduled for 10:00 a.m., October 12, 2011, in Kalispell, Montana, at the office of a local court reporter service.  Id.  The Notice informed defendant that it would be a deposition upon oral examination, and would be recorded by stenographic and/or videotape means.  Id.  Defendant gave no response, including no objection, to the Notice.  Oct. 14, 2011 Aman Decl. at ¶ 6.

On September 20, 2011, Aman emailed defendant asking her to confirm that she had received the deposition Notice.  Oct. 14, 2011 Aman Decl. at ¶ 7; Ex. 5 to Oct. 14, 2011 Aman

---

belonging to defendant.

[2]  Although now represented by counsel, defendant represented herself throughout the case, including through trial, entry of Judgment, and responding to plaintiffs' renewed motion for sanctions/attorney's fees.

[3]  The email indicates that it went only to the "crystal@crystalcox.com" email address.

Decl. A second copy of the Notice of Deposition was attached to that email. Id. Defendant did not respond. Oct. 14, 2011 Aman Decl. at ¶ 7.

At about this same time, defendant was regularly communicating by email with Court staff, using the "savvybroker@yahoo.com" email address plaintiff had been using to send emails to defendant. E.g., Exs 6 & 7 to Oct. 14, 2011 Aman Decl.

By October 6, 2011, defendant's responses to plaintiffs' discovery requests, served on defendant in early September 2011, were due. Oct. 14, 2011 Aman Decl. at ¶¶ 2, 9. On October 10, 2011, Aman emailed defendant requesting that she bring documents responsive to plaintiffs' requests for production, to the deposition on October 12, 2011. Oct. 14, 2011 Aman Decl. at ¶ 9; Ex. 8 to Oct. 14, 2011 Aman Decl. Defendant did not respond. Oct. 14, 2011 Aman Decl. at ¶ 9.

On October 11, 2011, Aman traveled to Kalispell, Montana from Portland, Oregon, and appeared at the noticed date, time, and location of the deposition. Oct. 14, 2011 Aman Decl. at ¶ 10. Defendant failed to appear or to otherwise contact Aman about the deposition at any time. Id.; see also Ex. 9 to Oct. 14, 2011 Aman Decl. (transcript of deposition); Ex. 10 to Oct. 14, 2011 Aman Decl. (email from court reporter confirming defendant did not appear on October 12, 2011).

DISCUSSION

Federal Rule of Civil Procedure 37(d) allows for sanctions if a party, after being served with proper notice, fails to appear for that party's deposition. Fed. R. Civ. P. 37(d)(1)(A)(i). Permissible sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi). Fed. R. Civ. P. 37(d)(3). Alternatively, or additionally, the "court must require the party failing to act, . . . to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the

4 - ORDER

failure was substantially justified or other circumstances make an award of expenses unjust." Id. (emphasis added).  As indicated in my November 2, 2011 Minute Order, I granted plaintiff's motion for sanctions to the extent that plaintiffs sought an award of reasonable attorney's fees for defendant's failure to appear at her deposition.  No other sanction was warranted.

  In opposition to the motion, defendant raises two arguments:  (1) she did not believe she was required to appear for a deposition without a court order; and (2) she feared for her personal safety if she appeared at the deposition as noticed.  Neither argument is persuasive.  Federal Rule of Civil Procedure 30 grants a party the right to take a deposition by oral question, as a matter of right and without leave of court, of any person, including a party.  Fed. R. Civ. P. 30(a)(1).  Although there are certain exceptions, none of them apply here.  Fed. R. Civ. P. 30(a)(2).  Defendant's misunderstanding of the rules does not excuse her noncompliance with them.  Even as a pro se party, defendant is required to abide by court rules.  Ghazali v. Moran, 46 F.3d 52, 54 (9th Cir. 1995).

  Defendant indicates that she did not appear for the deposition because she believes that doing so could have possibly subjected her to physical harm.  It is not entirely clear why defendant believes any person other than plaintiffs' counsel, plaintiffs, the Montana court reporter and perhaps other persons who worked at the deposition location in Kalispell, and defendant herself would have known of the deposition's date and time.  The Notice of Deposition and all communications about the deposition were not part of the court record until after October 12, 2011.  Defendant suggests that plaintiffs' counsel may have given information about the deposition to the person she is afraid of.

  The problem with defendant's argument is first, she failed to communicate in any way

with plaintiffs' counsel about her concerns, and second, she failed to seek the court's assistance in a motion for protective order.  As explained in Rule 37(d)(2), defendant's failure to attend her deposition is not excused on the basis that the deposition was objectionable in any way, unless she had a motion for protective order under Rule 26(c) pending at the time.  Defendant never filed a motion nor otherwise made the Court aware of her concerns.[4]

Defendant's complete failure to acknowledge or respond to (1) plaintiffs' initial informal inquiry regarding setting the deposition, (2) the formal Notice of Deposition, and (3) the other inquiries made by plaintiffs' counsel, is inexcusable.  Under the circumstances, an award of reasonable attorney's fees under Rule 37(d)(3) is appropriate.

Aman's usual billing rate is $325 per hour.  Dec. 22, 2011 Aman Decl. at ¶ 3.  He has fifteen years of experience in complex commercial litigation and is currently the chair of his firm's intellectual property practice group.  Id.

Judges in the District of Oregon use the Oregon State Bar Economic Survey ("OSB Economic Survey") as a benchmark for assessing the reasonableness of hourly billing rates.  E.g., McElmurry v. U.S. Bank Nat'l Ass'n., No. CV-04-642-HA, 2008 WL 1925119, at *3 (D. Or. Apr. 30, 2008) (the OSB Economic Survey "is a bellwether for the market price of attorney services in Portland, and the court affords it significant weight in at least establishing a starting point for reasonable rates.").  The most recent complete survey, from 2007, lists billing rates in Portland by the number of years admitted to private practice and by areas of private practice. Those who primarily practice business and corporate litigation in Portland had an average hourly

---

[4] In a subsequently filed motion, defendant requested that the Court exclude the person she feared would cause her harm from attending the trial.  Before that motion, and importantly, before the date of her deposition, she made no communication to the Court regarding her fear.

rate of $283 and a median hourly rate of $275.  An update by the OSB Business Litigation

Section in March 2008 ("2008 Updated Business Survey") states that the average and median

hourly rate for business litigation attorneys in Oregon at that time was $299.

Given that in 2008, Aman had twelve years of experience practicing business or corporate

litigation, the $299 hourly rate for business litigators would have been a reasonable hourly rate

for Aman at that time.  The CPI Inflation Calculator available from the United States Department

of Labor (available at http://www.bls.gov/data/inflation_calculator.htm), shows that $1.00 in

2008 has the same buying power as $1.05 in 2011.  Thus, the $299 hourly rate in 2008 is

equivalent to $313.95 in 2011.  Aman's $325 hourly rate is reasonable.

In his October 14, 2011 Declaration, filed with the initial motion for sanctions, Aman

stated that plaintiffs incurred approximately $4,875 in attorney's fees, $363.80 in airfare, $72.77

for rental car charges, $250 for court reporter services, and $265 for videographer services.  Oct.

14, 2011 Aman Decl. at ¶ 11.  He explains that the fees were based on 8.0 hours spent traveling

to and from Montana, 5.0 hours spent preparing for the deposition, and 2.0 hours spent appearing

at the deposition.  Id.  Calculated at $325 per hour, the 15.0 total hours equals $4,875 in fees.

The combined costs amounted to $951.57.  Thus, plaintiffs sought a total of $5,826.57 as a

sanction.

In his December 22, 2011 Declaration, Aman states that the total fees associated with the

deposition in Montana and the motion for sanctions, were $8,413.  Dec. 22, 2011 Aman Decl. at

¶ 4.  He states that when traveling back from Montana, he worked on the motion for sanctions.

Id.  He concedes that some of the time charged for the deposition preparation was useful in

connection with defendant's deposition taken on November 28, 2011.  Id.  Thus, he states that a

reasonable estimate of the fees associated with the deposition is $5,000. Id. He further states

that the travel charges were $831.97, and the court reporter appearance fee was $250. Id. at ¶ 5.

Exhibit 1 to Aman's Declaration, containing information from his firm's accounting

system, shows the following:

| Work Date | Hours Worked | Dollars Worked | Working Attorney | Timecard Description |
|---|---|---|---|---|
| 10/10/11 | 4.80 | 1,560.00 | Aman | Review and select documents for use in exhibits, including website screen shots; e-mails with Mr. Padrick regarding deposition questions; prepare deposition outline; analyze discovery and trial issues with Mr. Wilker; e-mails regarding potential expert on reputation damages |
| | 6.30 | 1,165.50 | Bachman | Collect and organize exhibits for Ms. Cox's deposition |
| 10/11/11 | 8.50 | 2,762.50 | Aman | Travel to Montana; prepare for deposition of Ms. Cox |
| 10/12/11 | 9.00 | 2,925.00 | Aman | Prepare for and attend deposition; travel to Portland; work on motion for sanctions |

Ex. 1 to Dec. 22, 2011 Aman Decl.

It is unclear why the 15.0 hours Aman originally represented in his October 14, 2011

Declaration as having been spent on the deposition, have grown to 28.6 hours as shown in

Exhibit 1. Plaintiffs offer no explanation for the discrepancy. Even adding the 6.3 hours by

"Bachman," does not account for the difference.[5] Because Aman states that he worked on the

_____

[5] Plaintiffs fail to give Bachman's full name, her position in the firm, expressly state her hourly rate (which the Court calculated at $185/hour by dividing the amount billed by the number of hours worked), or information regarding her experience.

8 - ORDER

motion for sanctions while traveling home from Montana, the difference in hours cannot be attributed to additional time spent on the motion. Aman's initial statements regarding the hours incurred in preparing for and attending defendant's deposition were made on October 14, 2011, after the dates on which the hours were expended. At that time, Aman should have possessed accurate information regarding the hours. Because of the lack of explanation about why the hours claimed in the December 22, 2011 Aman Declaration and Exhibit 1, are greater than the hours set forth in the October 14, 2011 Aman Declaration, I find that the more contemporaneously made statements are likely more accurate. Thus, with the adjustments noted below, I rely on the hours set forth in Aman's October 14, 2011 Declaration as the basis for the fee award.

As indicated above, Aman states he spent 5.0 hours preparing for the deposition, 8.0 hours traveling to and from Montana, and 2.0 hours attending the deposition. Oct. 14, 2011 Aman Decl. at ¶ 11. In the supplemental motion, he indicates that some of the time he spent preparing was ultimately used when he took defendant's deposition in November 2011. I subtract 3.0 hours from the 5.0 hours spent because Aman was subsequently able to put this time to use. However, I recognize that Aman likely spent some time after returning to Portland to finalize the motion for sanctions which he worked on while traveling home from Montana. Thus, I award 1.0 hour for that task. The total number of hours awarded for Aman in connection with the deposition is 3.0, along with 8.0 hours for travel, and 2.0 hours for attending the deposition. At $325 per hour, the 13.0 hours equals $4,225.

As to costs, plaintiffs fail to explain why the claimed travel costs of $436.57 ($363.80 in airfare, $72.77 for rental car charges) in the October 14, 2011 Aman Declaration, became

9 - ORDER

$831.97 in the December 22, 2011 Aman Declaration.  I award the $436.57 initially claimed.

Finally, in the October 14, 2011 Declaration, Aman states plaintiffs incurred a $250 court reporter fee and a $265 videographer fee, but in the December 22, 2011 Declaration, he cites only the $250 court reporter fee.  Again, no explanation is provided.  I assume the videographer fee was not actually incurred when plaintiff failed to appear.  Thus, I award only the $250 court reporter fee.

The total sanction is $4,911.57.

## CONCLUSION

Plaintiffs' supplemental motion for fees and costs [98] is granted in part and denied in part.  Plaintiffs are awarded $4,911.57 as against defendant for defendant's failure to appear at her deposition.

IT IS SO ORDERED.

Dated this 23rd  day of  January_____, 2012

 /s/ Marco A. Hernandez_____
Marco A. Hernandez
United States District Judge

10 - ORDER