1

```
 1                IN THE UNITED STATES DISTRICT COURT

 2                    FOR THE DISTRICT OF OREGON

 3   OBSIDIAN FINANCE GROUP, LLC,  )
     and KEVIN D. PADRICK,         )
 4                                 )
               Plaintiffs,         ) No. 3:11-cv-57-HA
 5                                 )
          vs.                      ) May 29, 2012
 6                                 )
     CRYSTAL COX,                  ) Portland, Oregon
 7                                 )
               Defendant.          )
 8   ------------------------------

 9

10

11

12

13

14
                      TELEPHONIC MOTION HEARING
15
                      TRANSCRIPT OF PROCEEDINGS
16
              BEFORE THE HONORABLE MARCO A. HERNANDEZ
17
                 UNITED STATES DISTRICT COURT JUDGE
18

19

20

21

22

23

24

25
```

```
 1                         APPEARANCES

 2   FOR THE PLAINTIFFS:   David S. Aman, via telephone
                           Tonkon Torp, LLP
 3                         888 S. W. Fifth Avenue
                           Suite 1600
 4                         Portland, OR  97204

 5   COURT REPORTER:       Nancy M. Walker, CSR, RMR, CRR
                           United States District Courthouse
 6                         1000 S. W. Third Avenue, Room 301
                           Portland, OR  97204
 7                         (503) 326-8186

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

   1                       P R O C E E D I N G S

   2        THE CLERK:  Good afternoon.  We're on the record
   3  in the case of Obsidian Finance Group, et al. versus
   4  Crystal Cox, Civil Case No. 11-57-HZ, on a motion
   5  hearing.

   6        Counsel, please state your appearance for the
   7  record.

   8        MR. AMAN:  David Aman for plaintiffs.

   9        THE COURT:  Good afternoon, Mr. Aman.  This is
10  Judge Hernandez.  We're here because I asked for a
11  hearing regarding your request to appoint a receiver in
12  this matter.  I should note that both sides were advised
13  of today's date and time for the hearing.  Ms. Cox sent a
14  rather extensive e-mail, as I understand it, letting the
15  Court know that she was not going to participate and did
16  not want to participate in this hearing.

17        I know that we had given her the opportunity up
18  until now to change her mind; and if she had decided to
19  change her mind, she merely needed to contact us and she
20  would have been put into the phone call hearing this
21  afternoon.  We did not hear from her, so I'm assuming
22  that she is continuing with her decision and her refusing
23  to participate or her decision not to participate in this
24  afternoon's hearing.

25        The e-mail will become part of the record.  It

1  will be placed as part of the file, so anybody that wants
2  to look at it can see what the details are.  And the
3  reasons for her declining to participate are stated in
4  that e-mail.
5         Mr. Aman, we, in this chambers, had some
6  questions for you regarding your request for a receiver
7  in this matter.  And is it still your desire to have the
8  Court appoint a receiver?
9         MR. AMAN:  Yes, Your Honor.
10         THE COURT:  So one of the -- right now my
11  inclination is to deny your request for a receiver, but
12  to allow you to refile it.  And I want to take this
13  opportunity to let you know what my concerns are.
14         MR. AMAN:  Okay.
15         THE COURT:  So the first question is:  You need
16  to explain to the Court why it is you actually need a
17  receiver.  From our perspective or my perspective, it
18  seems to me that the domain names are property.  I don't
19  have any difficulty with the notion that they can be
20  bought and sold and that you can garnish them or attach
21  them or seize them and have them sold at a sheriff's
22  auction.  What is not clear to me is why you need a
23  receiver in order to levy and execute upon a particular
24  asset.
25         Secondly, what is not understood by me is how it

1  is that a receiver would be paid, where the money to pay
2  the receiver would come from.  It isn't addressed in your
3  motion, and I would want to know the answer to that.
4          The third question I have has to kind of go back
5  to my days as a state court judge; that is, any time I
6  ever appointed a receiver, the receiver was not there to
7  seize a particular asset for a particular individual or a
8  particular judgment creditor.  The receiver was there to
9  represent the interests of all potential creditors.
10         And I'm not quite sure about the scope of the
11 Court's authority to appoint a receiver to seize a
12 particular asset in favor of a particular creditor as
13 opposed to all creditors.  I mean, it's my understanding
14 that receivers are appointed by the Court.  They have
15 protection by the Court because they are the Court's --
16 kind of a quasi court official.  And it's not clear to me
17 why a receiver would then be working only on behalf of
18 your client.
19         Also, it's not clear to me why they wouldn't be
20 looking at any other creditor, for that matter, and any
21 other asset, for that matter.
22         The next question that we have in our chambers is
23 jurisdiction.  We looked at the case that you cited
24 arising out of the Ninth Circuit; and it looked to us
25 that the location of the asset, when it comes to domain

1  names, is where the receiver should come from.  And it's
2  not clear to us that the domain names are located in
3  Oregon.  In fact, we're pretty sure they're not located
4  in Oregon and that they actually are located in another
5  jurisdiction; and it seems to us that the receiver
6  probably needs to be appointed in that jurisdiction.
7          So as a procedural matter, at least as we look at
8  it, what it seems you would have to do is take your
9  judgment, register it in the foreign jurisdiction where
10 those assets are located; and if it is appropriate to
11 have a receiver appointed, it should occur there.
12         And so if you decide that you want to refile your
13 request for a receiver, we would want you to address that
14 particular issue and let us know why it is that Oregon is
15 the right place for a receiver to be appointed, as
16 opposed to the jurisdiction where the property is
17 actually located, which is where the -- I suppose the
18 company that handles the domain names is located.
19         Hang on a second.  Let me see what else I've got
20 for you.
21         MR. AMAN:  Sure.  Thank you, Your Honor.
22         THE COURT:  (Pause) We then moved and started
23 looking at the Oregon Rules of Civil Procedure 80 D and
24 Oregon law on receivers.  ORCP 80 D, subparagraph (1),
25 requires that the order appointing a receiver contain a

1  reasonable description of the property included in the
2  receivership.  And here you're describing the property as
3  domain names and any other similar assets.  If you have
4  other similar assets that are in mind, we think that a
5  more detailed description would be better.
6          Also, under the Oregon rules, the order is to fix
7  a time within which the receiver is supposed to file a
8  report setting forth what the property is, what the
9  interest in the property is.  I remember when I was in
10 state court, I used to get those reports on a quarterly
11 basis usually, at a minimum.  Sometimes I got them on a
12 monthly basis, telling me what was going on with the
13 property, who had interest in it, and how it was being
14 handled.  Those usually were included in the order for a
15 receiver.
16         And then, finally, there's also a provision in
17 82 A that requires that receivers be appointed only upon
18 the giving of a security.  I think that you may have
19 proposed a security amount of $10,000.  But again, it's
20 unclear to the Court why that's a sufficient amount or
21 what would be a sufficient amount.  There isn't anything
22 for me to judge that that's adequate or, for that matter,
23 more than adequate.  I have no idea how you came up with
24 that number and why you believe that's the correct number
25 in this particular case.

1          I'm going to put you on hold for a second -- my
2  staff has been taking notes -- and make sure I didn't
3  forget something.  Hang on for just a moment.
4          MR. AMAN:  Thank you, Your Honor.
5          (The Court and the law clerk confer off the
6  record.)
7          THE COURT:  Mr. Aman, those are the points that I
8  was concerned about, my chambers was concerned about.
9          Like I said, you'll get a minute order telling
10 you that your immediate motion is denied, with leave to
11 refile.  And I would ask that you address those questions
12 that I posed should you choose to refile your motion.
13         MR. AMAN:  Thank you, Your Honor.
14         THE COURT:  Okay.  With that, we are in recess.
15 Thank you.
16
17
18         (Proceedings concluded.)
19
20
21
22
23
24
25

1                              --oOo--

2

3          I certify, by signing below, that the

4     foregoing is a correct transcript of the record

5     of proceedings in the above-titled cause.  A

6     transcript without an original signature,

7     conformed signature or digitally signed signature

8     is not certified.

9

10

11

      */s/ Nancy M. Walker*                          *8-9-12*
12    _____        _____
      NANCY M. WALKER, CSR, RMR, CRR           DATE
13    Official Court Reporter
      Oregon CSR No. 90-0091
14

15

16

17

18

19

20

21

22

23

24

25