Steven M. Wilker, OSB No. 911882
  Direct Dial:  503.802.2040
  Fax:  503.972.3740
  E-Mail:  steven.wilker@tonkon.com
David S. Aman, OSB No. 962106
  Direct Dial:  503.802.2053
  Fax:  503.972.3753
  E-Mail:  david.aman@tonkon.com
**TONKON TORP LLP**
1600 Pioneer Tower
888 S.W. Fifth Avenue
Portland, OR  97204

     Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

Portland Division

| | |
|---|---|
| **OBSIDIAN FINANCE GROUP, LLC and KEVIN D. PADRICK,** | Civil No. CV 11-0057 HZ |
| Plaintiffs, | **PLAINTIFFS' RESPONSE TO DEFENDANT CRYSTAL COX'S MOTION FOR PARTIAL STAY AND MOTION FOR A TEMPORARY RESTRAINING ORDER** |
| v. | |
| **CRYSTAL COX,** | |
| Defendant. | |

PAGE 1 –   PLAINTIFFS' RESPONSE TO DEFENDANT CRYSTAL COX'S MOTION FOR
             PARTIAL STAY AND MOTION FOR A TEMPORARY RESTRAINING ORDER

## I. INTRODUCTION

Plaintiffs oppose defendant Cox's motion for a partial stay of execution and for a temporary restraining order. Plaintiffs are executing on their judgment in the manner authorized by federal and Oregon law. They have properly registered their judgment in the Circuit Court for the State of Oregon, giving it the full force of a judgment under Oregon law. The clerk of that court has duly issued a writ of execution ordering the county sheriff to sell intangible property belonging to defendant Cox.

More than a year after plaintiffs obtained their $2.5 million judgment and months after plaintiffs began executing on that judgment while Cox continues to damage plaintiffs by making false and defamatory statements about them on websites she owns or controls,[1] defendant Cox now seeks to interfere with plaintiffs' execution by asking this Court to do at least three things that it cannot do.

First, she asks the Court to issue a stay prohibiting plaintiffs from executing on their $2.5 million judgment without posting a bond or offering any alternative form of security, in violation of FRCP 62(d). Second, she asks the Court to violate the federal Anti-Injunction Act and federal abstention doctrine by enjoining a county sheriff from complying with a writ of execution duly issued by a state court. Third, she asks the Court to decide an issue of appellate standing in a case pending in the Ninth Circuit. That issue is for the Ninth Circuit to decide, not this Court. In any event, Cox is wrong on the merits of that appellate standing issue. The Court should reject defendant's improper requests and deny her motion.

To the extent that defendant Cox argues plaintiffs cannot pursue their writ of execution under Oregon law, she is wrong—her appeal rights are intangible property subject to

---

[1] See Declaration of David S. Aman, Ex. 1, filed with this memorandum.

PAGE 2 –   PLAINTIFFS' RESPONSE TO DEFENDANT CRYSTAL COX'S MOTION FOR
            PARTIAL STAY AND MOTION FOR A TEMPORARY RESTRAINING ORDER

execution under state law. But in any event, this Court is not the proper forum to raise that issue. Cox must present that argument and any other arguments she may have (including her federal constitutional arguments) to the Oregon state court that issued the writ.

Finally, even if the Court were to consider this motion under the standards for a temporary restraining order, the motion should be denied.

## II. DEFENDANT COX IS NOT ENTITLED TO A STAY OF EXECUTION PENDING APPEAL

The Federal Rules of Civil Procedure clearly define when a judgment debtor may obtain a stay of execution pending appeal: the judgment debtor must post a supersedeas bond or other form of alternative security approved by the Court. FRCP 62(d); *LPP Mortg. Ltd. v. Gardner*, No. Civ. 02-1331-AS, 2005 WL 2078339 (D. Or. Aug. 16, 2005).

Cox has not posted a bond. Nor has she proposed any alternative form of security to assure payment of the judgment while the case is pending on appeal. She therefore cannot obtain a stay of execution pending appeal, as she appears to acknowledge in her motion papers.

## III. THE ANTI-INJUNCTION ACT AND YOUNGER ABSTENTION DOCTRINE PROHIBIT THE INJUNCTIVE RELIEF THAT COX SEEKS

Realizing that she cannot obtain a stay of execution pending appeal, defendant Cox recasts her motion as a request to enjoin the pending state court execution proceeding. But recasting the motion does not help her, as this Court is prohibited from issuing an order enjoining that proceeding. Plaintiffs' resort to state proceedings for the enforcement of the judgment is not merely permissible, it is a route contemplated by the Federal Rules of Civil Procedure. Fed. R. Civ. P. 69(a) ("The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies.")

Plaintiffs having instituted state enforcement proceedings, the federal Anti-Injunction Act and the *Younger* abstention doctrine prohibit federal courts from interfering with pending state court actions. 28 U.S.C. § 2283; *Younger v. Harris*, 401 U.S. 37 (1971). If defendant Cox is entitled to any relief from the state court's action, that relief must be sought and obtained in state court.

The Anti-Injunction Act bars federal courts from enjoining proceedings in a state court. 28 U.S.C. § 2283. The Act provides: "A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." *Id.* The Anti-Injunction Act supersedes any power a federal court has under the All Writs Act to issue the kind of injunctive relief that Cox seeks here. *Brother Records, Inc. v. Jardine*, 432 F.3d 939, 942 (9th Cir. 2005) ("The district court's authority to issue an injunction under the All Writs Act is limited by the Anti-Injunction Act.") No exception under the Anti-Injunction Act applies to this case.[2] The order sought by Cox would not protect this Court's jurisdiction or protect or effectuate its judgment. To the contrary, Plaintiffs seek to enforce the judgment of this Court while Cox seeks to interfere with its enforcement. This Court cannot enjoin the state court proceeding.

The *Younger* abstention doctrine also prohibits federal courts from interfering with pending state court proceedings. *See Younger*, 401 U.S. 37; *Middlesex Cty. Ethics Committee v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982) (federal court must abstain from

---

[2] The exceptions under the Act must be applied very narrowly, and even if a court finds an exception applies the court may still decide to dismiss out of concerns of federalism. *Chick Kam Choo v. Exxon Corp.*, 486 U.S. 140, 151 (1988); *Zurich Am. Ins. Co. v. Superior Court for State of California*, 326 F.3d 816, 824 (7th Cir. 2003).

PAGE 4 –   PLAINTIFFS' RESPONSE TO DEFENDANT CRYSTAL COX'S MOTION FOR PARTIAL STAY AND MOTION FOR A TEMPORARY RESTRAINING ORDER

hearing a claim that state bar disciplinary proceedings violated a party's First Amendment rights, when the party could bring the constitutional challenges by appealing the disciplinary decision to the state courts). The *Younger* doctrine originates from constitutional and supra-constitutional considerations of federalism, comity, and respect for state court functions. *See Middlesex*, 457 U.S. at 431. "Minimal respect for the state processes" dictates that federal courts should assume that state courts will safeguard federal constitutional rights. *See id.* If defendant believes federal constitutional considerations require the state court to provide her some relief from the writ, she must raise those issues in the state court along with her other arguments.

Because the Court is prohibited from issuing the kind of injunction defendant seeks, the motion must be denied.

## IV.   IN ANY EVENT, DEFENDANT COX WOULD NOT BE ENTITLED TO A TEMPORARY RESTRAINING ORDER

### A.   STANDARDS GOVERNING TEMPORARY RESTRAINING ORDERS

Under Federal Rule of Civil Procedure 65 and cases interpreting that rule, this Court may grant defendant's motion for a TRO only if she demonstrates that: (1) she is likely to succeed on the merits; (2) she is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in her favor; and (4) an injunction is in the public interest. *Winter v. Natural Resources Defense Council*, 555 U.S. 7 (2008).

In *Winter*, the Supreme Court announced that a party seeking a preliminary injunction must demonstrate that irreparable harm is "likely," not just possible. *Winter,* 555 U.S. at 20–24. In doing so, it rejected the Ninth Circuit formulation that permitted a court to order a preliminary injunction if the party seeking the injunction was able to show merely a "possibility" of irreparable harm. *Quiroga v. Chen*, 735 F. Supp. 2d 1226, 1228–9 (D. Nev.

2010). The *Winter* decision did not abrogate the alternative test that the Ninth Circuit has long used to determine whether a preliminary injunction should issue. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134–35 (9th Cir. 2011). That alternative test provides that a preliminary injunction is appropriate when the party raises "serious questions" that go to the merits and the balance of hardship tips sharply in the party's favor. *Id.* (citing *Lands Council v. McNair*, 537 F.3d 981, 987 (9th Cir. 2008)). The Ninth Circuit has harmonized this alternative test with the standard announced in *Winter* as follows:

> [T]he "serious questions" approach survives *Winter* when applied as part of the four-element *Winter* test. That is, "serious questions going to the merits and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest."

*Cottrell*, 632 F.3d at 1135.

### B. DEFENDANT COX IS NOT LIKELY TO PREVAIL ON THE MERITS

At the outset, we reiterate that federal law prohibits the injunctive relief defendant seeks. *See* Section III above. That alone demonstrates that defendant <u>cannot</u> prevail on the merits of this motion. Nevertheless, she is not likely to prevail on any of her other arguments.

#### 1. THE WRIT DOES NOT VIOLATE THE FEDERAL RULES OF APPELLATE PROCEDURE

The Federal Rules of Appellate Procedure do not bar the writ of execution issued by the Oregon state court. FRAP 43(b) allows a person to substitute for a party in a pending appeal "for any reason other than death." Courts have interpreted that rule to allow substitution in situations where the original party is incapable of continuing the suit, such as where a party becomes incompetent or transfers the interest involved in the suit. *See, e.g., Alabama Power*

*Co. v. ICC*, 852 F.2d 1361, 1366 (C.A.D.C. 1988); *Sable Communications of California Inc. v. Pacific Tel. & Tel. Co.*, 890 F.2d 184, 191 n.13 (9th Cir. 1989) (citing rule). That is precisely what will happen following the foreclosure sale here—Cox will be incapable of continuing the suit and the highest bidder at the foreclosure sale (whether that be plaintiffs or someone else) will take an assignment of Cox's interest in the appeal, becoming the real party in interest.

In any event, only the Ninth Circuit can determine the circumstances under which it will allow someone to substitute in as a party on appeal. *See Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) ("The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal").  This Court should refuse to decide that question now.

### 2. COX HAS NO CONSTITUTIONAL RIGHT TO PURSUE HER APPEAL

The United States Supreme Court has made clear that there is no constitutional right to appeal.  *U. S. v. MacCollom*, 426 U.S. 317 (1976) (due process clause does not provide right to appeal); *see also Adsani v. Miller*, 139 F.3d 67 (2d Cir. 1998) (no constitutional right to appeal in civil case under equal protection or due process clauses; requirement of supersedeas bond did not violate constitutional protections).

Despite the clear holding in *MacCollom*, defendant attempts to create new law yet again by arguing that there is a constitutional right to pursue an appeal, this time under the First Amendment.  The Court should reject this argument.

Defendant first argues the "independent appellate review doctrine" applied by courts in First Amendment cases creates a constitutional right to pursue an appeal.  That is not

PAGE 7 –   PLAINTIFFS' RESPONSE TO DEFENDANT CRYSTAL COX'S MOTION FOR PARTIAL STAY AND MOTION FOR A TEMPORARY RESTRAINING ORDER

the law. The independent appellate review doctrine does not create a right to appeal. It simply sets the standard of review in cases involving certain constitutional questions. The doctrine becomes relevant only when the appellate court actually reaches the merits of an appeal. If the court reaches the merits, the doctrine requires the court to review certain issues in the case *de novo*, much like it does for questions of law—that is, it must make an independent review of the trial court record instead of deferring to the trial court's findings. *See Bose Corp. v. Consumers Union of United States*, 466 U.S. 485, 499 (1984); *Harte-Hanks Communications, Inc. v. Connaughton*, 491 U.S. 657, 685 (1989) ("The question whether the evidence in the record in a defamation case is sufficient to support a finding of actual malice is a question of law.")

Defendant's argument here puts the cart before the horse. An appellate court cannot even reach the merits without first resolving the threshold procedural requirements imposed by the case and controversy provision in Article III. *Los Angeles Cty. Bar Ass'n v. Eu*, 979 F.2d 697, 700 (9th Cir. 1992). Article III requires a party have standing throughout the proceedings, including the entirety of the appeal, to invoke the powers of federal courts. *Williams v. Boeing Co.*, 517 F.3d 1120, 1126–37 (9th Cir. 2008). If the defendant no longer has standing to appeal, then the doctrine is irrelevant.

Indeed, defendant's proposed rule would protect every party who failed to follow required court procedures provided the party could show that some part of its appeal was subject to *de novo* review. For example, defendant's rule could excuse a party's failure to timely file a notice of appeal by simply pointing out that its appeal involved questions of law, which are reviewed *de novo*. These are precisely the kinds of arguments that the Supreme Court and other courts have rejected in refusing to recognize a "constitutional" right to pursue an appeal.

/ / /

Defendant next argues that the Petition Clause under the First Amendment provides a basis for defendant to claim that she has a constitutional right to pursue her appeal. Defendant is wrong again.

First, defendant is not being denied access to the courts. She had a full and fair opportunity to defend herself at trial. *See BE & K Const. Co. v. Nat'l Labor Relations Bd*., 536 U.S. 516, 530 (2002) (concerns regarding a party's right under the Petition Clause are no longer present once a suit ends because a party " had its day in court"). The Petition Clause only guarantees a party access to courts, not the party's success in court once access is provided. *See Petersen v. Casemier*, 164 F.Supp.2d 1217, 1225 (D. Or. 2001) ("[The Petition Clause] does not mean that every petition for redress of grievances must be successful.")

Second, defendant has access to other procedures for challenging plaintiffs' enforcement of their judgment: she can seek a stay of execution or challenge the writ of execution in state court. *See id*. at 1226. If defendant does not seek relief in state court, defendant may no longer have standing to pursue her appeal. But the Petition Clause provides no basis for a party to appeal a case when that party has no standing. *See Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 946 (9th Cir. 2011) (even when cases involve civil rights, parties invoking the jurisdiction of federal courts "must satisfy the case or controversy requirement of Article III by demonstrating [] standing to sue at each stage of the litigation").

### 3. THE WRIT IS PROPER UNDER OREGON LAW

In the absence of any controlling federal law, 'property' and 'interests in property' are creatures of state law. *Barnhill v. Johnson,* 503 U.S. 393, 398, 112 S.Ct. 1386, 1389, 118 L.Ed.2d 39 (1992). The determination of what constitutes property is a question of state law.

/ / /

Oregon law provides that "**All property**, including franchises, or rights or interest therein, of the judgment debtor, shall be liable to an execution, except as provided in this section and in other statutes granting exemptions from execution." ORS 18.345(1) (emphasis added). Nothing in ORS 18.345 or any other provision of Oregon law exempts Cox's appeal rights from execution.

To the contrary, Oregon expressly recognizes the right to execute on any intangible personal property. *See* ORS 18.884. Under Oregon law, a "general intangible" means "**any personal property**, including things in action, other than accounts, chattel paper, commercial tort claims, deposit accounts, documents, goods, instruments, investment property, letter-of-credit rights, letters of credit, money and oil, gas or other minerals before extraction. The term includes payment intangibles and software." ORS 79.0102(1)(pp) (emphasis added). This Court has recognized that the term "general intangible" in the Oregon execution statutes extends to choses in action, relying on the UCC definition, meaning that they are subject to immediate execution by a judgment creditor. *Potter v. Cavaletto*, No. CV-10-0124-ST, 2010 WL 5829545, at *6 (D. Or. Oct. 29, 2010).

Although no Oregon court has reached the issue, at least two other courts have recognized that a defendant's right to appeal an adverse judgment is property subject to execution or to sale in a bankruptcy proceeding. *RMV Ventures Cal. v. SunAmerica Life Ins. Co,* 576 F.3d 1070 (10th Cir. 2009) (defensive right to appeal subject to execution); *Mozer v. Goldman*, 302 B.R. 892 (C.D. Cal. 2003) (a defensive right of appeal is property that can be purchased in a bankruptcy estate sale). This broad reading of "property" is consistent with the purpose behind the execution statutes. A judgment creditor should have the right to execute on any intangible property of the debtor that can fully or partially satisfy the judgment, provided it is not expressly

exempted by statute. The cases cited by defendant Cox concerning the definition of "property" arise in very different contexts, such as divorce proceedings and tax cases, involving different considerations as to the scope of the term "property".[3]

In any event, this Court cannot decide what is or is not subject to execution in a pending Oregon state court proceeding. Only the state court can decide that question.

### C. THE BALANCE OF HARDSHIPS/EQUITIES FAVOR PLAINTIFFS

The balance of hardships and equities on this motion favor plaintiffs. Defendant Cox has procedures available to her to protect her interests. She can post a bond or propose adequate alternative security to protect plaintiffs' interest while her appeal is pending, as required by FRCP 62(d). She can seek relief in state court as contemplated by the Anti-Injunction Act and the *Younger* abstention doctrine. But she cannot seek to keep the *status quo* through a request for a stay dressed up as a motion for a temporary restraining order. That is prohibited by FRCP 62(d) and other federal law.

Any harm to defendant must be balanced against the harm to plaintiffs and take into account the equities. The harm to plaintiffs is substantial here. The judgment in this case was entered over a year ago. During that time, plaintiffs have spent substantial resources pursuing execution, while defendant Cox has sat on her hands in seeking a stay of execution. Cox has also taken active steps to evade the judgment—at a minimum, she has transferred domain names for websites on which she has defamed plaintiffs. *See* Docket No. 129. She has also continued to defame plaintiffs on virtually a daily basis, continuing the damaging conduct

---

[3] To the extent Cox suggests that her appeal right is not property because it is not a claim for money, that is also incorrect because, if successful on appeal, she would presumably have the right to recover costs on appeal. *See* Fed. R. App. P. 39(a).

PAGE 11 –   PLAINTIFFS' RESPONSE TO DEFENDANT CRYSTAL COX'S MOTION FOR
              PARTIAL STAY AND MOTION FOR A TEMPORARY RESTRAINING ORDER

that was the basis of the $2.5 million damages award. *See* Declaration of David S. Aman, Ex. 1, filed herewith. Even if this Court had the authority to issue the relief Cox seeks, the equities here demand that such relief be denied.

## V.    CONCLUSION

For all of these reasons, the Court should deny defendant's motion and allow plaintiffs to proceed in state court as allowed by law.

DATED this 10th day of January, 2013.

TONKON TORP LLP


By:   */s/  David S. Aman*
    Steven M. Wilker, OSB No. 911882
      Direct Dial:  503.802.2040
      Fax:  503.972.3740
      E-Mail:  steven.wilker@tonkon.com
    David S. Aman, OSB No. 962106
      Direct Dial:  503.802.2053
      Fax:  503.972.3753
      E-Mail:  david.aman@tonkon.com

    Attorney for Plaintiffs

033992/00010/4240462v2