IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

OBSIDIAN FINANCE GROUP, LLC, and
KEVIN D. PADRICK,                                            No. 03:11-cv-00057-HZ

    Plaintiffs,

  v.                                                         OPINION & ORDER

CRYSTAL COX,

    Defendant.


Steven M Wilker
David S. Aman
TONKON TORP LLP
1600 Pioneer Tower
888 S.W. Fifth Avenue
Portland, Oregon 97204

   Attorneys for Plaintiffs

Crystal L. Cox
P.O. Box 2027
Port Townsend, WA 98368

   Defendant Pro Se


1 - OPINION & ORDER

HERNANDEZ, District Judge:

In November 2011, a jury returned a verdict in Plaintiffs' favor in this defamation action. Judgment in favor of Plaintiffs was filed on December 8, 2011.  After post-trial motions were resolved, Defendant appealed certain issues to the Ninth Circuit Court of Appeals.  Plaintiffs cross-appealed other issues.  In a January 17, 2014 Opinion, the Ninth Circuit reversed the Judgment and remanded for a new trial.  Obsidian Finance Group, LLC v. Cox, 740 F.3d 1284, 1294 (9th Cir.), cert. denied, 134 S. Ct. 2680 (2014).  The court also affirmed an earlier summary judgment ruling in Defendant's favor.  Id.

The mandate issued on June 12, 2014 (ECF No. 182).  Defendant promptly filed several motions, most of which I resolved orally on June 27, 2014 (ECF No. 201).  Remaining are Defendant's motion for court trial and Defendant's motion for summary judgment.  Those motions have now been fully briefed and for the reasons explained herein, I deny them.

I.  Motion for Summary Judgment

First, Defendant's motion is procedurally inappropriate.  The Ninth Circuit remanded the case for a "new trial consistent with this opinion."  Obsidian Finance, 740 F.3d at 1294.  The only action to be taken by this Court is to set a trial date and re-try the case according to the legal standards explained by the Ninth Circuit in its January 17, 2014 Opinion.  Remanding the case for trial does not carry with it the reopening of discovery or the filing of dispositive motions, the deadlines for which expired before the November 2011 trial.  I deny Defendant's request to extend deadlines and allow the filing of dispositive motions contained in Defendant's reply in support of her summary judgment motion.

Second, even considering the motion on the merits, I deny it.  Defendant initially raises

2 - OPINION & ORDER

damages issues in which she argues that Plaintiffs, as a matter of law, cannot show damages

based on a single blog post, and that Plaintiffs, as a matter of law, cannot prove that she acted

with malice.  Both of these arguments rely on facts, or inferences from facts, which cannot be

determined on summary judgment.  She raises an additional factual issue that the December 25,

2010 blog post is not false.  But, the jury decided this issue against her and she did not appeal it.

Id. at 1288-89 ("Cox does not contest on appeal . . . the jury's conclusions that the post was false

and defamatory.").

    She also raises several legal arguments which I previously rejected and which were not

raised on appeal, including that she is "media" under Oregon's "Shield Law," that Plaintiffs'

action is barred by Oregon's "Retraction Statutes," that she is entitled to have the case against her

dismissed under Oregon's Anti-SLAPP statutes, that she is absolutely privileged to make the

statements contained in the December 25, 2010 blog post, and that Padrick is a "public figure."

See July 7, 2011 Op. & Ord. at 15 n.3 (ECF No. 26), 2011 WL 2745849, at *8 n.3  (regarding

Anti-SLAPP argument); Nov. 20, 2011 Op. & Ord. at 2-9 (ECF No. 95), 2011 WL 5999334, at

*1-4 (rejecting arguments as to (1) Oregon's retraction statutes, Oregon Revised Statutes §§

(O.R.S.) 31.200–31.225; (2) Oregon's shield law, O.R.S. 44.510–44.540; (3) Anti-SLAPP

statutes, O.R.S. 31.150-31.155; (4) absolute privilege; and (5) public figure); Mar. 27, 2012 Op.

& Ord. at 24-26 (ECF No. 123), 2012 WL 1065484, at *12-13 (rejecting arguments under

Oregon's retraction statutes and shield law); see also Obsidian Finance, 740 F.3d at 1289, 1292

n.5 (stating that on appeal, Defendant "challenges only the district court's rulings that (a) liability

could be imposed without a showing of fault or actual damages and (b) Padrick and Obsidian

were not public officials," and "Cox argued in her pretrial memorandum that Padrick and

3 - OPINION & ORDER

Obsidian were public figures, but contended in her motion for a new trial that Padrick was a public official. She raises only the public official argument on appeal.").

My prior rulings on these issues remain the law of the case and Defendant offers no reason to disturb them. E.g., United States v. Smith, 389 F.3d 944, 948 (9th Cir. 2004) ("Under the law of the case doctrine, a court is ordinarily precluded from reexamining an issue previously decided by the same court, . . . , in the same case") (internal quotation marks omitted).

Finally, Defendant raises a new legal argument in support of her motion: that as a real estate broker, she had an affirmative obligation to report industry wrongdoing and is thus shielded from liability for making defamatory statements in the December 25, 2010 blog post regarding Padrick's role as trustee in a bankruptcy proceeding. There are several problems with this argument. First, my search of the State of Oregon's Real Estate Broker License database revealed no active or inactive license for a "Crystal Cox." Second, even if she held an active Oregon real estate broker license at the time she made the blog post, she refers only generally to Oregon Revised Statutes Chapter 696 and cites no specific relevant statute or ethical rule. Third, even if such an obligation required her to report real estate broker wrongdoing, her December 25, 2010 blog post was not a "report" and did not expose real estate industry wrongdoing. Thus, I reject this argument.

Accordingly, I deny Defendant's summary judgment motion.

II. Motion for Court Trial/Objection to Jury Trial

This case was tried to a jury. Plaintiffs made no jury trial demand in their Complaint. Defendant, however, requested a jury trial in one of two documents filed on May 4, 2011. On that date, Defendant filed a "Response to Kevin Padrick, Obsidian Finance Complaint," which

4 - OPINION & ORDER

was docketed as Defendant's Answer (ECF No. 12). Defendant simultaneously filed a separate document with no proper title but which was designated in the lower left corner as a "Counter Complaint." This was docketed as Defendant's Counterclaim (ECF No. 13). There, Defendant demanded a jury trial.

During an August 30, 2011 case scheduling conference, I asked the parties if this was going to be a jury trial. Transcript of Aug. 30, 2011 Tel. Conf. at 5 (ECF No. 139). Plaintiffs' counsel responded: "A jury trial, Your Honor, yes." Id. Defendant did not respond to the question and made no objection to the jury trial setting. Id. I filed a Jury Trial Management Order on September 9, 2011 (ECF No. 39). Defendant made no objection to that Order. As noted, the case proceeded to a jury trial on November 29, 2011. Defendant raised no objection to the jury trial setting in any post-trial motion. She did not raise it as an issue on appeal.

In support of her motion, Defendant states that she never agreed to jury trial and in fact, she protested against one. Defendant cites to no part of the record containing an objection to a jury trial setting. And, while she did not expressly state on the record that she requested a jury trial, her Counterclaim filing demanded one. Under the Federal Rules of Civil Procedure, a party demands a jury trial by serving the other parties with a written demand "which may be included in a pleading" no later than fourteen days after the last pleading directed to the issue is served. Fed. R. Civ. P. 38(b). A counterclaim is considered a pleading. See Fed. R. Civ. P. 13(a), (b) (requiring a party to raise counterclaims in a pleading). Thus, consistent with Rule 38(b), Defendant properly demanded a jury trial.[1]

---

[1] District of Oregon Local Rule 38(b) requires the jury trial demand to be on the last line of the document title. Dist. of Or. Loc. R. 38(b). The document title is required to be two lines below the case number on the right side of the pleading, opposite the parties' names. Dist. of Or.

The jury trial demand in Defendant's Counterclaim extended to Plaintiff's claims because, to the extent her counterclaims involved factual issues, they overlapped with the factual issues pleaded in the Complaint.  See Cal. Scents v. Surco Prods,, Inc., 406 F.3d 1102, 1109 (9th Cir. 2005) (plaintiff was entitled to rely on jury trial demand made by defendant in its counterclaims when claims and counterclaims were directed to the same issues, concerned the "same general area of dispute," and turned on the "same matrix of facts") (internal quotation marks omitted).

At that point, under Rule 38(d), Defendant could withdraw the jury trial demand only if all parties consented.  Fed. R. Civ. P. 38(b); Palmer v. Valdez, 560 F.3d 965, 969 n.5 (9th Cir. 2009).  Plaintiffs have not, and do not, consent to the withdrawal of the jury trial demand.  Thus, it cannot be withdrawn.  I deny Defendant's motion for a court trial.

CONCLUSION

Defendant's motion for summary judgment [198] and motion for court trial/objection to jury trial [190] are denied.

IT IS SO ORDERED.

Dated this _____ day of _____, 2014

_____
Marco A. Hernandez
United States District Judge

Loc. R. 10(f), (g).  Although Defendant failed to include the document title in the caption, she listed the case number and immediately below that included her jury trial demand.  Thus, the jury trial demand substantially complied with the Local Rule.