IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

OBSIDIAN FINANCE GROUP, LLC, and
KEVIN D. PADRICK,                                                       No. 03:11-cv-00057-HZ

        Plaintiffs,

        v.                                                                                     ORDER

CRYSTAL COX,

        Defendant.

HERNANDEZ, District Judge:

      Pro se Defendant Crystal Cox moves for appointment of counsel and for an order requiring the United States Marshal to serve various witness subpoenas. I deny the motions.

I. Motion for Appointment of Counsel

      There is no constitutional right to counsel in a civil case. <u>United States v. 30.64 Acres of Land</u>, 795 F.2d 796, 801 (9th Cir. 1986). However, pursuant to 28 U.S.C. § 1915(e), I have discretion to request volunteer counsel for indigent parties in exceptional circumstances. <u>Wood v. Housewright</u>, 900 F.2d 1332, 1335 (9th Cir. 1990); <u>Wilborn v. Escalderon</u>, 789 F.2d 1328,

1 - ORDER

1331 (9th Cir. 1986). While I may request volunteer counsel in exceptional cases, I have no power to make a mandatory appointment. Mallard v. U.S Dist. Ct. for S. Dist. of Iowa, 490 U.S. 296, 308 (1989).

In order to determine whether exceptional circumstances exist, I evaluate the party's likelihood of success on the merits and the ability of the party to articulate his or her claim pro se in light of the complexity of the legal issues involved. Wood, 900 F.2d at 1335-36; Wilborn, 789 F.2d at 1331. However, "[n]either of these factors is dispositive and both must be viewed together before reaching a decision on request of counsel under section 1915(d)." Wilborn, 789 F.2d at 1331; Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991) (same).

Defendant has demonstrated sufficient ability to articulate her defenses. The legal issues involved are not of substantial complexity and have been explained in several opinions from this Court and the Ninth Circuit. Accordingly, there are no exceptional circumstances that require the appointment of counsel under section 1915(e). The motion is denied.

II. Motion to Serve Subpoenas

Defendant moves the Court to serve subpoenas, by the United States Marshal, on dozens of witnesses. She relies on her *in forma pauperis* status, granted by this Court on June 16, 2014, as a basis for the motion.

Federal Rule of Civil Procedure 45(b)(1) provides that a subpoena may be served by any person not a party to the case, and that such service is effectuated by tendering the subpoena, along with "fees for 1 day's attendance and the mileage allowed by law" to the witness. Fed. R. Civ. P. 45(b)(1). Defendant failed to tender the required witness fees. Instead, she appears to request that the United State pay the costs because she cites to her *in forma pauperis* status and

states that she has no money and no way to properly serve witnesses.

Authorization to proceed *in forma pauperis* does not excuse a litigant from paying the required witness fee and mileage. The expenditure of public funds on behalf of an indigent is proper only when authorized by Congress. United States v. MacCollom, 426 U.S. 317, 321 (1976). Neither section 1915 nor any other statute provides authorization for the expenditure of public funds on behalf of an indigent litigant. As a result, federal courts lack the authority to waive witness fees on behalf of *in forma pauperis* civil litigants. Tedder v. Odel, 890 F.2d 210, 211 (9th Cir. 1989) (*in forma pauperis* plaintiff not exempt from requirement that witness fees be tendered with subpoena); see also Malik v. Lavalley, 994 F.2d 90, 90 (2d Cir. 1993) (same); McNeil v. Lowney, 831 F.2d 1368, 1374 (7th Cir. 1987) (same).

One day's attendance fee for a witness is currently set by statute at $40. 28 U.S.C. § 1821(b). Mileage is payable based on distances and rates set by the General Services Administration (GSA). See 28 U.S.C. § 1821(c)(2). Currently, the mileage rate is $0.56 cents per mile. See http://www.gsa.gov.

Because Defendant has failed to tender the required witness and mileage for the persons she seeks to subpoena, service of the subpoenas would be futile. Additionally, even should Defendant tender the appropriate witness and mileage fees, her request is procedurally defective. In order for the United States Marshal to serve subpoenas, Defendant first needs to obtain blank subpoenas from the Clerk's Office. She then needs to submit the completed subpoenas, along with a copy of the order allowing her to proceed *in forma pauperis* and United States Marshal Form 285, to the Court. If Defendant tenders these documents along with the fees for each witness, to the Court, then her service request will be considered. Defendant failed to comply

3 - ORDER

with the procedural requirements and lacks the appropriate witness and mileage fees. The motion is denied.

## CONCLUSION

Defendant's motion for appointment of counsel [235] and Defendant's First Motion to Service Witnesses [236] are DENIED.

IT IS SO ORDERED.

Dated this 2 day of September, 2014

*/s/ Marco Hernandez*
Marco A. Hernandez
United States District Judge

4 - ORDER